596 So.2d 311 (1992)
STATE of Louisiana
v.
Samuel J. YARBROUGH.
No. Cr91-638.
Court of Appeal of Louisiana, Third Circuit.
March 11, 1992.
Writ Denied May 22, 1992.
*312 James Blanco, Lake Charles, for defendant-appellant.
Patricia Minaldi, Paul Reggie, Asst. Dist. Attys., Lake Charles, for plaintiff-appellee.
Before DOMENGEAUX, C.J., and STOKER and YELVERTON, JJ.
DOMENGEAUX, Chief Judge.
After a jury trial, defendant, Samuel J. Yarbrough, was found guilty as charged of armed robbery, attempted second degree murder, attempted aggravated rape, and aggravated crime against nature. He was convicted and sentenced to 66 years imprisonment without benefit of parole, probation or suspension of sentence on the charge of armed robbery, as enhanced by the habitual offender law. Additionally, he was sentenced to 50 years each, without benefit of parole, probation or suspension of sentence, on the charges of attempted aggravated rape and attempted second degree murder, and 15 years without benefit of parole, probation or suspension of sentence on the charge of aggravated crime against nature. The court ordered all sentences to run concurrently. Defendant appeals his convictions and sentences alleging seven assignments of error.

FACTS
On June 12, 1990, Colletta Savant Thibodeaux, the victim, arrived at Linda's Lounge to work the midnight to 8:00 a.m. shift. When she arrived there were several patrons in the bar. By 4:00 a.m., the sole remaining occupants of the lounge were the defendant and the victim. As the victim was cleaning up the bar, the defendant walked behind the bar to fix himself another beer. When the victim asked him to come from behind the bar, he grabbed her, put a knife to her throat, and ordered her to give him the money in the cash register.
After robbing the victim at knife point, the defendant dragged her into an empty lot behind the bar and made repeated threats to rape and kill her. He ordered her to disrobe and attempted to have intercourse with her but was unable to do so because the victim had not yet removed her pantyhose. After a second attempt to rape the victim, the defendant placed his penis in her mouth, whereupon she bit him and was able to escape and run for help to a nearby lounge called the Neighborhood Bar.

ASSIGNMENT OF ERROR NO. 1
In his first assignment of error, defendant contends he was denied the right to confrontation when the trial judge precluded his counsel from impeaching the victim with prior inconsistent statements made during a deposition in an unrelated civil suit. The trial judge refused to permit *313 the deposition to be used for impeachment purposes because the defense failed to produce it in response to the State's discovery request. Defense counsel then orally proffered, in summary fashion, the substance of certain alleged inconsistencies between the victim's testimony and her courtroom testimony in the instant prosecution.
The record before us does not contain the deposition at issue. However, assuming defense counsel's statements to be true, we do not believe exclusion of the proffered evidence affected the substantial rights of the defendant, regardless of whether the exclusion was proper or improper. See State v. Martin, 458 So.2d 454 (La.1984). The discrepancies between the victim's deposition testimony and subsequent oral testimony at trial were minimal. The victim described her work history at Linda's Lounge differently from her description given at trial. Also in the deposition, the victim said that she was not cut by a knife, whereas at trial she said the defendant's knife "caught her on the shoulder." Finally, defense counsel pointed out that the victim did not discuss the alleged crimes of attempted second degree murder and aggravated crime against nature in the deposition.
Notwithstanding the trial court's preclusion of defense counsel's attempt to impeach the victim's credibility with the deposition, counsel was able to adequately and aggressively bring before the jury numerous discrepancies in the victim's statements to the bartender of the Neighborhood Bar, the emergency room admitting nurse, and the treating physician, as compared to her trial testimony. None of these minor inconsistencies seemed to have impressed the jury. Accordingly, based on defense counsel's characterization of the deposition testimony excluded from evidence, we conclude the testimony, had it been admitted, would not have changed the outcome of the trial. Therefore, without commenting on the admissibility of the deposition, a matter within the trial court's discretion, we find no prejudice to the defendant by its exclusion.

ASSIGNMENT OF ERROR NO. 2
Defendant has failed to brief his second assignment of error; it is therefore considered abandoned. Uniform Rules, Courts of Appeal, Rule 2-12.4.

ASSIGNMENT OF ERROR NO. 3
Defendant next contends that he was prejudiced by the presence of out of state law enforcement officers in the court room prior to closing arguments and should have been granted a mistrial. He argues that the presence, at trial, of two Missouri state troopers sitting behind the district attorney's table was unduly prejudicial and was improperly motivated by the State's desire to undermine the presumption of defendant's innocence.
While it is certainly true that an accused should be brought into court with the appearance, dignity, and self-respect of a free and innocent man, it is likewise true that the mere presence of uniformed security personnel at a criminal trial is not prejudicial. State v. Loya, 527 So.2d 514 (La. App. 3d Cir.1988); State v. Kinchen, 290 So.2d 860 (La.1974). La.C.Cr.P. Art. 775 requires the trial court to grant a mistrial when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial; in other words, a mistrial is required only when the prejudicial conduct results in substantial prejudice to the defendant, sufficient to deprive him of a fair trial. State v. Broadway, 440 So.2d 828, 833 (La.App. 2d Cir. 1983).
The Missouri law enforcement officers were present because they had been subpoenaed as possible witnesses for the State on rebuttal. Although all of the witnesses had been sequestered by the court, the sequestration rule no longer applied as the presentation of evidence was completed and closing arguments were about to begin. When the presence of the uniformed officers was brought to the attention of the court, the judge excused the officers from the courtroom to avoid any possibility of a prejudicial impression on the jury.
There is no indication in the record that the officers were acting as security personnel *314 or were there to restrain or guard the defendant in any manner. In fact, the jury was aware that the defendant had turned himself in to authorities in the State of Missouri and was therefore arrested in Missouri. The officers' presence, then, would not have been suspicious or surprising to the jury. Given these facts, and considering also that the officers were immediately removed when their presence was made known to the trial judge, we find no error in the trial court's refusal to grant defendant's request for a mistrial.

ASSIGNMENT OF ERROR NO. 4
By this assignment of error, defendant contends the trial judge erred by improperly and prejudicially charging the jury on the law of attempt. Defendant argues that the phrase "lying in wait" was improperly used by the trial court in defining attempt.
After reviewing the charge given, we find the trial judge properly instructed the jury as to the definition of attempt, as it is defined in La.R.S. 14:27. The jury instruction closely tracks the language of the statute and includes the phrase "lying in wait" as an example of what constitutes an attempt. The phrase was not singled out or unduly emphasized. The charge as a whole was a complete and correct statement of the law.

ASSIGNMENT OF ERROR NO. 5
Defendant next argues the evidence presented at trial was insufficient to support a verdict of attempted second degree murder. He contends the State failed to establish beyond a reasonable doubt that he possessed the specific intent to kill the victim as required for a conviction of attempted second degree murder under La. R.S. 14:30.1 and 14:27.
Specific intent is a state of mind and need not be proven as a fact but may be inferred from the circumstances of the case and actions of the accused. State v. Graham, 420 So.2d 1126 (La.1982). The evidence reveals that defendant made repeated threats to take the victim's life and physically abused her while he was armed with a knife. The jury found the requisite specific intent to support a guilty verdict on the charge of attempted second degree murder, and, given the circumstances of the crime committed herein, we find no error in this factual determination.

ASSIGNMENT OF ERROR NO. 6
Defendant was sentenced as a third felony offender. In his sixth assignment of error, he contends the trial judge erred in ruling that the district attorney made the requisite showing of predicate offenses specified in the Habitual Offender Bill. In order to prove a defendant is an habitual offender the State must establish by competent evidence that there is a prior felony conviction and that the defendant is the person convicted of the prior felony. State v. Chaney, 423 So.2d 1092 (La.1982).
In order to prove defendant's prior conviction of simple burglary, the State introduced the following documentary evidence: (1) a bill of information alleging that Samuel J. Yarbrough committed various offenses on June 3, 1985; (2) a waiver of constitutional rights and plea of guilty form signed by Samuel Yarbrough on August 11, 1986, relating to the crime of simple burglary; (3) certified minutes of a Calcasieu Parish trial court demonstrating that Samuel Yarbrough was informed of his rights and pled guilty; and (4) a fingerprint record from the Calcasieu Parish Sheriff's Department taken June 4, 1985, in connection with an arrest for burglary, theft, and criminal damage to property. Additionally, Shirley Green, a fingerprint examiner for Calcasieu Parish was called to testify. In open court, Ms. Green took fingerprints of defendant and matched them to those on the June 4, 1985 fingerprint record which led to defendant's August 11, 1986 conviction for simple burglary.
As evidence of defendant's prior conviction of unauthorized use of a movable valued over $1,000.00, the district attorney introduced a certified copy of a bill of information alleging that Samuel J. Yarbrough committed various offenses in Richland *315 Parish on November 13, 1986 and a numerically corresponding minute entry showing that Samuel Yarbrough was convicted of the amended charge of unauthorized use of a movable. Debra Adcock, a criminal records officer for the Richland Parish Sheriff's Department, testified that she was present in court on October 26, 1988, when defendant was convicted of unauthorized use of a movable valued over $1,000.00. She identified defendant as the person who was convicted on that date.
The trial judge found sufficient evidence of defendant's prior felony convictions. We have reviewed this evidence and find no error in the trial court's conclusion.

ASSIGNMENT OF ERROR NO. 7
In his final assignment of error, defendant complains of an illegal sentence. For attempted aggravated rape and attempted second degree murder, defendant was sentenced to terms of imprisonment without benefit of parole, probation or suspension of sentence. The attempt statute, La.R.S. 14:27, does not provide for the imposition of a sentence without benefit of parole, probation or suspension of sentence. State v. See, 467 So.2d 525 (La. 1985). Therefore, defendant is entitled to a correction of the sentence imposed on the two attempt convictions.
La.C.Cr.P. Art. 882(A) provides that an illegal sentence may be corrected at any time by an appellate court on review. In State v. Fraser, 484 So.2d 122 (La. 1986), the Supreme Court noted that when correction of a patent sentencing error does not involve the exercise of sentencing discretion, there is no reason why the appellate court should not simply amend the sentence. Accordingly, we will amend that portion of defendant's sentence that precludes parole, probation or suspension of sentence on the attempted second degree murder and attempted aggravated rape convictions.

DECREE
For the foregoing reasons, defendant's convictions are affirmed. His sentence is amended to delete the preclusion of parole, probation or suspension of sentence on the attempted second degree murder and attempted aggravated rape convictions. In all other respects, defendant's sentence is affirmed.
AFFIRMED, AS AMENDED.