677 So.2d 480 (1996)
STATE of Louisiana, Plaintiff-Appellee,
v.
Charles E. ANDERSON, Defendant-Appellant.
No. Cr 95-1688.
Court of Appeal of Louisiana, Third Circuit.
May 8, 1996.
*481 William E. Tilley, Leesville, for State of Louisiana.
Tony Clell Tillman, Leesville, for Charles E. Anderson.
Before DOUCET, C.J., and THIBODEAUX and DECUIR, JJ.
DECUIR, Judge.
Defendant, Charles E. Anderson, was charged with four counts of aggravated incest, in violation of La.R.S. 14:78.1A and B. Pursuant to a plea agreement, defendant entered pleas of no contest to counts one and three and the remaining counts were dismissed. On count one, defendant was sentenced to pay a fine of $2,500.00, plus court costs, and serve fifteen years at hard labor, with credit for time served. The last five *482 years of the sentence were suspended and defendant was placed on supervised probation for four years on the suspended portion of the sentence. The probationary period was to begin upon defendant's release from prison. The conditions of probation required that the defendant: 1) pay $25.00 per month supervision fee beginning one month after defendant is released from prison; 2) make restitution to the victim in the sum of ten thousand dollars; 3) serve nine months without hard labor in the Parish Jail, deferred and to be served at the pleasure of the trial court; 4) refrain from contact with the victim until she has reached the age of majority, and not even then without her express consent and under such conditions as the trial court may impose; 5) if defendant has not paid the fine and court costs prior to his release, defendant shall do so within ninety days following his release; and 6) make restitution to the Indigent Defender Board in the sum of $750.00.
Defendant was sentenced on count three to serve fifteen years at hard labor, to run concurrently with the sentence imposed on count one. Five years of the sentence were suspended and defendant was placed on supervised probation for four years on the suspended portion of the sentence. Defendant's probation was to begin with the date of his release and subject to the condition imposed on count one, provided that the conditions as to the dollar amount shall not apply. The trial court noted, for example, there will be no additional restitution to the victim or to the Indigent Defender Board. Defendant filed a motion to reconsider sentence which was denied by the trial court. Defendant lodged this appeal.

FACTS
COUNT ONE: Between December 30, 1993 and March 7, 1994, defendant committed aggravated incest by having sexual intercourse and committing crime against nature on his fourteen (14) year old stepdaughter.
COUNT THREE: Between September 2, 1994 and November 28, 1994, defendant committed aggravated incest by having sexual intercourse and committing crime against nature on his fourteen (14) year old stepdaughter.

ERRORS PATENT
Pursuant to La.Code Crim.P. art. 920 we have reviewed the record for errors patent on its face. We find no errors patent.

ASSIGNMENTS OF ERROR NOS. 1 and 3
By defendant's first assignment of error, he argues the trial court erred in imposing an excessive sentence upon him. By defendant's third assignment of error, he argues the trial court erred in failing to give adequate and due consideration to mitigating factors. Since defendant argues these assignments of error together, we will address them together.
Defendant was sentenced on October 17, 1995 after the effective date, August 15, 1995, of Act No. 942, Section 3, of the 1995 Legislative Session which repealed the sentencing guidelines, thus, this court need only review the sentence for constitutional excessiveness.
New requirements for sentencing were added in La.Code Crim.P. art. 894.1. Paragraph A of Article 894.1, as amended, basically reinstated the previous law. Paragraph B of Article 894.1, as amended, added thirty-three (33) factors that could be considered by the sentencing court in its determination of suspension of sentence or probation. These factors are similar to those listed as aggravating and mitigating circumstances in § 209 of the Louisiana Sentencing Guidelines. Paragraph C of Article 894.1, as amended, requires the sentencing court to state for the record the considerations taken into account and the factual basis therefor in imposing sentence. Paragraph D of Article 894.1, as amended, requires the sentencing court to advise the defendant of certain information regarding his sentence. Paragraph E of Article 894.1, as amended, requires the Department of Public Safety and Corrections to provide the required information to the sentencing judge before sentencing of a felony defendant. Paragraph F of Article 894.1, as amended, provides that no sentence shall be declared unlawful or inadequate for the sentencing *483 court's failure to comply with the provision of paragraph D.
Article 1, § 20 of the Louisiana Constitution of 1974, prohibits "cruel, excessive, or unusual punishment." A sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Naquin, 527 So.2d 601 (La.App. 3 Cir.1988). To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice, or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
The Legislature has provided criteria to aid a sentencing court in determining whether a sentence of imprisonment should be imposed and whether suspension of a sentence or probation is warranted. La. Code Crim.P. art. 894.1; State v. Klause, 525 So.2d 1076 (La.App. 3 Cir.1988). Paragraph C of Article 894.1 requires the court to state for the record the considerations taken into account and the factual basis used when imposing a sentence. The sentencing court need not articulate every circumstance or read through a checklist of items to comply with the requirements of La.Code Crim.P. art. 894.1. State v. Pontiff, 604 So.2d 71 (La.App. 3 Cir.1992). However, the record must affirmatively reflect that adequate consideration was given to the codal guidelines in particularizing the defendant's sentence. State v. Smith, 433 So.2d 688 (La.1983).
If there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in Article 894.1 will not necessitate a remand for resentencing. State v. Cottingin, 476 So.2d 1184 (La.App. 3 Cir. 1985), appeal after remand, 496 So.2d 1379 (La.App. 3 Cir.1986); State v. Morgan, 428 So.2d 1215 (La.App. 3 Cir.1983), writ denied, 433 So.2d 166 (La.1983); See also, Smith, 433 So.2d 688 and State v. Stein, 611 So.2d 800 (La.App. 3 Cir.1992). Even though art. 894.1 has undergone several major revisions, the reasoning used in these cases is still applicable.
Defendant was convicted for violations of La.R.S. 14:78.1. La.R.S. 14:78.1D provides:
A person convicted of aggravated incest shall be fined an amount not to exceed fifty thousand dollars, or imprisoned, with or without hard labor, for a term not less than five years nor more than twenty years, or both.
La.R.S. 14:78.1E provides:
(1) In addition to any sentence imposed under Subsection D, the court shall, after determining the financial resources and future ability of the offender to pay, require the offender, if able, to pay the victim's reasonable costs of counseling that result from the offense.
(2) The amount, method, and time of payment shall be determined by the court either by ordering that documentation of the offender's financial resources and future ability to pay restitution and of the victim's pecuniary loss submitted by the victim be included in the presentence investigation and report, or the court may receive evidence of the offender's ability to pay and the victim's loss at the time of sentencing.
(3) The court may provide for payment to a victim up to but not in excess of the pecuniary loss caused by the offense. The offender may assert any defense that he could raise in a civil action for the loss sought to be compensated by the restitution order.
In the case sub judice defendant was sentenced to fifteen (15) years at hard labor on both counts to run concurrently with each other, less than the maximum of twenty (20) years provided by law. The colloquy of the sentencing provides in pertinent part the trial *484 court's reasons for imposition of the sentences:
BY THE COURT:
All right. Before we proceed, I want the record to reflect that Mr. Tillman, who is his court appointed attorney, is that correct, Mr. Tillman?
BY MR. TILLMAN:
Yes sir.
Has had an opportunity to review the pre-sentence investigationor I have shared the content of the pre-sentence investigation report with him, and you've had an opportunity to confer with your client about that, is that correct, sir?
BY MR. TILLMAN:
That's correct, Your Honor.
You have also been furnished with the document prepared by the Department of Corrections relative to projected release dates, is that correct?
BY MR. TILLMAN:
Yes sir, that's correct.
* * * * * *
BY THE COURT:
All right. Mr. Anderson is thirty-seven years of age, I believe. He entered a plea of nolle contendere to Counts One and Three, each of which charged him with the offense of aggravated incest, in violation of Revised Statute 14:78.1. That Statute provides for a penalty of a fine of up to $50,000.00, or imprisonment with or without hard labor for a term not less than five years, nor more than twenty years, or both. Two similar counts, Counts Two and Four, were dismissed. The victim of these offenses was his stepdaughter, who was approximately fourteen years of age at the time of his arrest. The victim is the daughter of Valeria Anderson who, I understand, is the third wife of the defendant. She must still be with the Service and is stationed in Virginia.
BY MR. ANDERSON:
Yes sir.
It appears from all I have read in the report and the statements received that sexual misconduct on your part had been going on for quite some time but, evidently, the child was reluctant to tell her own mother. It first came to light when she told someone at church, and one of the persons present was a female M.P. stationed at Fort Polk. Initially, when you are interviewed, you categorically denied any misconduct whatever. Subsequently, you submitted to a polygraph examination and after the polygrapher reported that the test clearly showed deception, you confessed to having had sexual intercourse with your stepdaughter on various occasions between February and as late as October 1994. The report indicates that the child had stated thatin her own way, I'm not using her words verbatimthat sexual misconduct had been going on for several years. As a matter of fact, she even says about seven years. And, to an extent, you admitted that some misconductbut not incesthad occurred previously. Things such as fondling.
I take note that you have no felony record. As a matter of fact, you had no criminal record whatever. I also note that you are highly regarded by your peers in the Service. I read all the correspondence and data which your counsel supplied to the Court, all of which indicate that you are regarded as a good soldier. I also read your letter to the Court, assuring the Court that there was contrition on your part.
On the other hand, the victim was a girl who was in your custody and you should have been protecting her from any kind of predation, and not committing it yourself. Some of these acts were committed while the mother was away, presumably on assignment. Considering this circumstance and that it occurred numerous times, I am not inclined to probate your sentence. I am, however, taking into consideration, also, according to the report, the mother of the victim, anomalously, recommends probation. But I believe it would deprecate the seriousness of the offense to entertain or to order probation, except in part. I am going to try to couch this sentence in this way, and it will be the intention of this Court to let you serve some time, probate part of the sentence, so that you can make *485 restitution to the victim and otherwise be under supervision for a period of years.
By his third assignment of error, the defendant contends that the trial court failed to consider the mitigating factors. In particular, defendant points to the following mitigating factors: defendant's status as a first offender, the victim's mother's request for a probated sentence (defendant complains that the trial court only mentioned the mother's request in passing, even referring to it as an anomalous request), defendant's letter he wrote to the trial court (acknowledging responsibility and guilt, requesting that he be allowed to continue to provide for his family financially, and his willingness to seek counseling), his employment history (being highly regarded by his chain of command as a soldier and being considered by his peers to be a good soldier), the necessity of his having to support the minor children from two marriages, and the impact of his incarceration on his dependents.
After reviewing the record, we find that the trial judge considered these mitigating factors when he gave his reasons for imposition of the sentence. Furthermore, in denying defendant's motion to reconsider sentence, the trial court noted the following:
[T]he Court did take note and considered that the defendant is indeed a first offender but regarded the offense, as well as other admitted sexual misconduct, requiring the sentence which was imposed;
[T]he pre-sentence report noted that the defendant was an 18 year Army veteran and that he was not recommended for the Impact Program.
Accordingly, for these and other reasons expressed at the time of sentencing, the motion to reconsider is denied.
While the trial court did not specifically determine the financial impact of defendant's incarceration on his family, the trial court is not required to articulate every circumstance or read through a checklist of items to comply with the requirements of La.Code Crim.P. art. 894.1. Nor will the court's failure to do so, result in a remand for resentencing when there is an adequate factual basis in the record for the sentence.
The record in this case amply supports defendant's sentence and reflects the trial court's careful contemplation of the factors required by law. Accordingly, defendant's third assignment of error lacks merit.
Likewise, with regard to defendant's first assignment of error, we find that the trial judge did not abuse his discretion in imposing the sentences. The trial court noted the offenses were committed upon defendant's stepdaughter, who was approximately fourteen and in defendant's custody at the time of the incidents. The trial court also noted defendant did not confess to having sexual intercourse with his stepdaughter until after the polygraph examination showed defendant's deception. The trial court further noted that although the sexual acts were committed over a long period of time, some were committed while the mother was away. Regarding count one, defendant committed aggravated incest with his stepdaughter between December 30, 1993 and March 7, 1994.
Regarding count three, defendant committed aggravated incest with his stepdaughter between September 2, 1994 and November 28, 1994. Additionally, the trial court considered mitigating factors, but considering the circumstance and the number of times the acts occurred, the trial court was not inclined to probate the sentence.
Accordingly, we find that the sentences are commensurate with, rather than grossly disproportionate to, the severity of defendant's offenses. The sentences are adequately particularized to this particular defendant in light of his particular crimes. The penalties do not shock our sense of justice. The sentences make a measurable contribution to acceptable penal goals and are not needless impositions of pain and suffering, and the sentences are not "cruel, excessive, or unusual punishment." Defendant's first assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 2
By defendant's second assignment of error, he argues the trial court erred in making as a condition of his probation the necessity of his paying fines and court costs in excess of $2,500.00 within ninety (90) days *486 of the date of his release from prison. Defendant argued that he would not have any employment or only minimal prospects of employment under those circumstances, thereby, placing him almost instantly in violation of his conditions of probation.
Defendant contends the trial court's ordering him to pay fines of $2,500.00 plus costs within ninety days of his release from prison, in effect, places defendant in automatic default of the conditions of probation and, therefore subjects him to serve five years. He also contends "[t]he sentence, as imposed, does not comply directly with C.Cr.P. Art. 884, since it does not specifically impose a specific sentence, but has the effect of violating C.Cr.P. Art. 884 by subjecting the Defendant to serve an additional five years in default of the payment within 90 days of his date of release". La.Code Crim.P. art. 884 provides:
If a sentence imposed includes a fine or costs, the sentence shall provide that in default of payment thereof the defendant shall be imprisoned for a specified period not to exceed one year; provided that where the maximum prison sentence which may be imposed as a penalty for a misdemeanor is six months or less, the total period of imprisonment upon conviction of the offense, including imprisonment for default in payment of a fine or costs, shall not exceed six months for that offense.
Representation by the Indigent Defender Board establishes indigence. State v. Williams, 288 So.2d 319 (La.1974). The record indicates defendant's indigent status. In determining whether a fine is proper as a condition of probation, the supreme court has held, that the sentencing judge has general authority to impose any specific conditions reasonably related to rehabilitation, and that authority is broad enough to include the exaction of a fine as a condition of probation. State v. Rugon, 355 So.2d 876 (La.1977).
In State v. Johnson, 592 So.2d 818, 820 (La.App. 5 Cir.1991), the fifth circuit stated:
[a]rticle 884 allows the imposition of jail time in default of payment of a fine or costs. Although the article provides no exceptions to the general rule, it is well settled law that an indigent defendant may not be sentenced to additional jail time in default of payment of fine or costs. See State v. Conley, 570 So.2d 1161 (La.1990); State v. Trollman, 551 So.2d 28 (4th Cir. 1989); and State v. Newberry, 560 So.2d 121 (3rd Cir.1990). See also State v. Boynton, 537 So.2d 821 (5th Cir.1989).
In the present case, the fine was imposed upon defendant without default time being imposed. Generally when a fine is imposed it is payable immediately. See La.Code Crim.P. art. 888. However, in the event defendant does not pay the fine before his release from incarceration, the trial court made it payable as a condition of probation. It is not unconstitutional to assess an indigent defendant a fine and costs as special conditions of probation, as long as jail time is not ordered in the event of default. State v. Duncan, 601 So.2d 374, (La.App. 5 Cir.), writ denied, 604 So.2d 1317 (La.1992).
Defendant does not allege nor does the record show that defendant has been brought before the court for his failure to pay. However, the sentence as imposed subjects defendant to either a money judgment in a civil proceeding or a probation revocation hearing in event defendant fails to pay his fines. See State v. Conley, 570 So.2d 1161 (La.1990), State v. Dickerson, 579 So.2d 472 (La.App. 3 Cir.1991), Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), and State v. Coates, 528 So.2d 595 (La.App. 2 Cir.1988).
If defendant fails to pay his fine and his case progresses to the point of a revocation hearing, the trial court, at a revocation proceeding based on defendant's failure to pay a fine or restitution, must inquire into the reasons for defendant's failure to pay. See Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). If the defendant cannot pay, yet has made bona fide efforts to acquire the means to do so, the court must consider alternative methods of punishment before revoking the probation and sentencing defendant to jail. Bearden, 461 U.S. at 674, 103 S.Ct. at 2073, and Coates, 528 So.2d 595. Examples of alternative methods of punishment include extending the time for payment, allowing installment *487 payments, or directing the defendant to perform some form of labor or public service in lieu of a fine or restitution. Coates, 528 So.2d at 598. However, if the alternative measures are not adequate to meet the state's interest in punishment and deterrence, then the court may impose imprisonment on a defendant who has failed to pay the obligation, despite bona fide efforts to do so. Bearden, 461 U.S. at 674, 103 S.Ct. at 2073; State v. Chelette, 558 So.2d 770 (La. App. 5 Cir.1990).
In State ex rel. Jody M. Ortega v. State, 95-1984 (La.9/1/95), 659 So.2d 506, the Louisiana Supreme Court, in denying the defendant's writ application as premature, stated:
Should the State institute proceedings which could lead to relator's incarceration, relator will be entitled to a hearing at the district court to determine whether relator is indigent and whether she has made bona fide efforts to acquire the resources to pay court assessments. State v. Roberts, 600 So.2d 596 (La.1992).
Accordingly, we find that the claims by defendant concerning La.Code Crim.P. art. 884 are premature. Defendant has not been ordered to serve jail time in the event of default. If defendant becomes unable to or fails to pay the fine, the court, prior to revoking defendant's probation, is required to inquire into the reasons for his failure to pay. Until such time arises, defendant's claims are premature. This assignment has no merit.

CONCLUSION
For the foregoing reasons, defendant's sentences are affirmed.
AFFIRMED.