745 So.2d 694 (1999)
STATE of Louisiana.
v.
Vanessa Kay GREGRICH.
No. CR99-178.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1999.
*695 Don M. Burkett, Anna L. Garcie, for State of Louisiana.
Paula C. Marx, Crowley, for Vanessa Kay Gregrich.
Before THIBODEAUX, PETERS, and GREMILLION, Judges.
PETERS, J.
On February 1, 1998, the defendant, Vanessa Kay Gregrich, was involved in a two-vehicle accident on Louisiana Highway 191 in Zwolle, Louisiana. The defendant crossed the centerline on Highway 191 and struck a vehicle driven by Curtis M. Herren. Herren died as a result of the injuries he sustained in the accident, and the defendant sustained significant injuries requiring hospitalization. The scientific analysis of blood and urine samples taken from the defendant at the hospital revealed a blood-alcohol content of .18 percent and the presence of cocaine metabolites in her system.
The state initially charged the defendant with vehicular homicide, a violation of La. R.S. 14:32.1; operating a motor vehicle while intoxicated (DWI), first offense, a violation of La.R.S. 14:98; and operating a motor vehicle on the left side of the centerline, a violation of La.R.S. 32:71. On June 2, 1998, the defendant pled guilty to the reduced charge of negligent homicide, a violation of La.R.S. 14:32, and to DWI, first offense. As a part of the plea agreement, the state dismissed the remaining misdemeanor traffic violation. On October 28, 1998, the trial court sentenced the defendant in the following manner:
On the operating a motor vehicle while intoxicated, Ms. Gregrich, it is the sentence of this Court you pay a fine of $1,000.00 and you be confined in the Sabine Parish Jail for a period of six months. On the Negligent Homicide charge it is the sentence of this Court you be confined to the Louisiana Department of Corrections for a period of three (3) years. Those two sentences are to run concurrent. You are to participate in the substance abuse evaluations and follow all the recommendations that follow from that. You are given credit for all time served.
The defendant appeals only the negligent homicide sentence, contending that it is excessive.

ERROR PATENT
In accordance with La.Code Crim.P. art. 920, we are required to review the record for errors discoverable by a mere inspection of the proceedings without inspection of the evidence. In performing the required review in this case, we have found one such error in that the sentence imposed by the trial court is illegal. See State v. Fraser, 484 So.2d 122 (La.1986).
In the sentencing proceedings, the trial court ordered the defendant to participate in substance abuse evaluations and follow the recommendations resulting from the evaluations. It is not clear whether this portion of the sentence was imposed in conjunction with the negligent homicide conviction or the DWI conviction, but, in either case, it is an illegal sentence.
Under La.R.S. 14:32(C), the penalty for negligent homicide is imprisonment, with or without hard labor, for not more than five years or a fine of not more than $5,000.00 or both.[1] La.R.S. 14:98(B) provides that the penalty for first offense DWI is imprisonment, without hard labor, for not less than ten days nor more than six months and a fine of not less than $300.00 nor more than $1,000.00, absent *696 the trial court imposing statutory probation requirements. Neither Statute allows the trial court to require participation in a substance abuse program as part of the penalty, absent part of the sentence being subject to probation requirements. The defendant in the instant case was not placed on probation. Thus, the trial court's order that the defendant attend substance abuse evaluations was illegal.
An illegal sentence may be corrected at any time by an appellate court on review. La.Code Crim.P. art. 882(A).
[W]hen correction of an illegal sentence does not involve the exercise of sentencing discretion, there is no reason why the appellate court should not simply amend the sentence.... However, if correction involves the exercise of sentencing discretion ... the case must be remanded for the trial court to perform that function.
Fraser, 484 So.2d at 124 n.5
In State v. Prince, 97-0727 (La.9/26/07); 701 So.2d 965, the supreme court simply amended the sentence imposed by the trial court to delete the requirement of restitution where restitution was not authorized by statute. Also, in State v. Lee, 94-0814 (La.6/17/94); 641 So.2d 206, the supreme court simply amended a sentence to delete the requirement of restitution where restitution was not authorized by statute. In State v. Yancy, 93-2798 (La.5/31/96); 673 So.2d 1018, the supreme court amended the sentence to delete only that portion denying the defendant eligibility for parole where at the time of the crime there was no requirement of parole ineligibility. In State v. Yarbrough, 596 So.2d 311 (La.App. 3 Cir.), writ denied, 599 So.2d 317 (La. 1992), the third circuit amended the portion of the defendant's sentence that precluded parole, probation, or suspension of sentence where the preclusion of those benefits was not authorized by statute.
We note that in State v. Narcisse, 97-3161 (La.6/26/98); 714 So.2d 698, the supreme court vacated a sentence and remanded to the trial court for resentencing where the trial court erroneously required restitution and denied the defendant eligibility for good-time credits. In Narcisse, the supreme court did not state that it was required to remand the sentence because the case involved the exercise of sentencing discretion. Rather, it appears that the supreme court may have been exercising its own discretion in remanding the case, because La.Code Crim.P. art. 882(A) does not require that an appellate court correct an illegal sentence but provides that the appellate court "may" correct an illegal sentence on review.
We find the instant case is analogous to Prince, Lee, Yancy, and Yarbrough such that the correction does not involve the exercise of sentencing discretion. Therefore, we amend the sentence imposed by the trial court to delete that portion requiring participation in substance abuse evaluations and the following of the recommendations resulting from them.

EXCESSIVENESS OF SENTENCE
In her sole assignment of error, the defendant asserts that her three-year sentence is excessive. A conviction for negligent homicide exposes a defendant to a maximum possible sentence of five years at hard labor and a $5,000.00 fine. See La.R.S. 14:32(C). Thus, the trial court sentenced the defendant within the statutory limits. However, a sentence may be reviewed for excessiveness although it falls within the statutory range. See State v. Sepulvado, 367 So.2d 762 (La.1979).
Before sentencing the defendant in this case, the trial court ordered that a presentence investigation report be prepared and submitted. This report revealed that the defendant had been charged in 1986 with distribution of marijuana and that she pled guilty the same year to the reduced charge of possession of marijuana. It also revealed that, in the same year, she was charged with and pled guilty to DWI, first offense. In both cases, the defendant was *697 given a probationary sentence, which she satisfactorily completed. Her criminal record contained no other entries until the charges giving rise to this appeal.
In sentencing the defendant, the trial court stated that it considered the defendant's criminal record, reviewed the presentence investigation report and supplemental report, considered input from the victim's father, read correspondence from a social services counselor, reviewed the sentencing guidelines contained in La.Code Crim.P. art. 894.1, and considered the accident report prepared by the investigating officer. While acknowledging that the defendant did satisfactorily complete her past probation requirements, the trial court also noted that "[a]pparently [the defendant] has had a substance abuse problem since age fifteen, which includes alcohol, marijuana, and cocaine." The trial court stated that the victim's father requested a maximum sentence and that the social services counselor reported lack of cooperation on the part of the defendant in testing and follow-up procedures.
La.Code Crim.P. art. 894.1 contains a series of factors to be considered by a trial court in sentencing a defendant. In considering these sentencing guidelines, the trial court must "state for the record the considerations taken into account and the factual basis therefor in imposing sentence." La.Code Crim.P. art. 894.1(C). However, to comply with La.Code Crim.P. art. 894.1(C), the trial court is not required to "articulate every circumstance or read through a checklist of items." State v. Anderson, 95-1688, p.4 (La.App. 3 Cir. 5/8/96); 677 So.2d 480, 483. Still, the record should sufficiently establish that the trial court adequately considered the codal guidelines in particularizing a defendant's sentence. Id. In this case, we find that the trial court did adequately comply with La. Code Crim.P. art. 894.1(C), although it did not specifically state in each instance which section or subsection of the Article it was considering and merely stated that it had "reviewed Article 894.1 sentencing guidelines." We note that "[i]f there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in Article 894.1 will not necessitate a remand for resentencing." Anderson, 677 So.2d at 483.
In addition to the trial court's findings already mentioned, it noted that the sentencing range for vehicular homicide, the original charge, varies from a minimum of two years with or without hard labor to a maximum of fifteen. Thus, the trial court noted that the defendant benefited from the reduced charge because it reduced her incarceration exposure significantly. As a mitigating factor, the trial court noted that the defendant received severe injuries in the accident. Additionally, the trial court allowed the defendant to respond to the suggestion that she had not properly complied with the substance abuse requirements but found her excuse to be inadequate.
A trial court is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982). Under the facts of this case, we find no abuse of the trial court's discretion in sentencing the defendant to three years at hard labor for negligent homicide. Thus, we reject this assignment of error.

DISPOSITION
For the forgoing reasons, we amend the sentence to delete that portion of the sentence requiring the defendant to participate in substance abuse evaluations and to follow the recommendations resulting from them. We affirm the defendant's sentence as amended.
AFFIRMED AS AMENDED.
NOTES
[1] There is a different penalty for negligent homicide for instances in which the victim was killed as a result of a battery and was under the age of ten.