**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1502


STATE OF LOUISIANA

VERSUS

KAISHUS K. KING


************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 8430-03
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of John D. Saunders, Jimmie C. Peters, and Glenn B. Gremillion, Judges.


AFFIRMED.


**John F. Derosier**
**District Attorney**
**Ric Oustalet**
**Carla S. Sigler**
**Assistant District Attorneys**
**Fourteenth Judicial District**
**1020 Ryan Street**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Sherry Watters**
**Louisiana Appellate Project**
**Post Office Box 58769**
**New Orleans, LA 70158-8769**
**(504) 723-0284**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Kaishus K. King**

PETERS, J.

The defendant, Kaishus King, appeals the sentence imposed as a result of his conviction for armed robbery, a violation of La.R.S. 14:64. In his one assignment of error, he asserts that the trial court imposed an unconstitutionally excessive sentence. For the following reasons, we affirm the sentence in all respects.

On January 24, 2003, the defendant entered the home of seventy-six-year-old Mary Gani, produced a gun, pointed the gun at Ms. Gani, demanded money from her, and subsequently bound her with duct tape. As a result of the defendant's actions on that date, the State of Louisiana (state) charged him with aggravated burglary, a violation of La.R.S. 14:60; false imprisonment while armed with a dangerous weapon, a violation of La.R.S. 14:46.1; and illegal possession of a stolen firearm, a violation of La.R.S. 14:69.1, in addition to the offense of armed robbery. Pursuant to a plea agreement in which the state dismissed a number of charges,[1] the defendant entered a guilty plea to the armed robbery charge. Thereafter, the trial court sentenced him to serve twenty years at hard labor, without benefit of parole, probation, or suspension of sentence. The defendant then filed a motion to reconsider his sentence. In response to that motion, the trial court vacated the twenty-year sentence and sentenced the defendant to serve twelve years at hard labor, without benefit of parole, probation, or suspension of sentence. The trial court subsequently rejected the defendant's motion to reconsider that sentence, and he perfected this appeal.

In his sole assignment of error, the defendant asserts that his sentence is excessive in that the trial court failed to consider certain mitigating factors.

_____

[1]The state dismissed the other charges arising from this incident as well as well as four other felony charges which arose from the defendant's acts or omissions while awaiting trial on the instant offense.

Specifically, the defendant asserts that the trial court failed to consider that he had a drug problem, that he did not physically harm Ms. Gani nor did he intend to harm her, that he accepted responsibility for his actions, and that he expressed remorse for his actions at the plea hearing.

In initially sentencing the defendant, the trial court stated that it had read a number of letters filed on behalf of the defendant which indicated that he was raised in a respectful home and was exposed to the Church as he grew up. However, the trial court then noted that, despite these positive influences on his life, he choose a different, inexcusable, path in life. The trial court further noted that, when bonded out of jail, the defendant immediately went back to his criminal activities. Thus, there was obviously little or no assistance from those who had written letters on his behalf, and the trial court chose not to give any credence to those letters. In other words, the defendant "was raised better than most people" but this was not "an excuse to keep [him] out of jail." The trial court further recognized that the defendant had potential, but that he had squandered that potential, and that the victim requested that the defendant receive the maximum sentence. After reading the victim's letter into the record, the trial court commented on the effect the defendant's actions had on Ms. Gani, including her immediate fear at the time of the offense and the residual fear that she has suffered. In finally sentencing the defendant, the trial court stated the following:

> I have considered a lot of, a lot of numbers. I have considered a pretty high number, Mr. King. The only, the only thing that keeps me from giving you 30 or 40 or 50 years is that, is that I do think, based on all the letters that I have received from people who have stated that they know you well, I guess they believe that you went through a, I guess a period in your life that might allow you to have some redemption at some point when you get out of jail, and that - - and I know Ms. Gani is 78 years old, and my intention is to make sure that I give you a sentence that

2

> makes her feel comfortable that she never has to worry about ever seeing you ever again in her lifetime.

The trial court subsequently set aside the initial sentence and sentenced the defendant to twelve years instead of twenty. In doing so, the trial court stated that the basis for the reduction was to treat the defendant substantially the same as his co-defendant had been treated.[2]

As we pointed out in *State v. Gregrich*, 99-178, pp. 5-6 (La.App. 3 Cir. 10/13/99), 745 So.2d 694, 697:

> La.Code Crim.P. art. 894.1 contains a series of factors to be considered by a trial court in sentencing a defendant. In considering these sentencing guidelines, the trial court must "state for the record the considerations taken into account and the factual basis therefor in imposing sentence." La.Code Crim.P. art. 894.1(C). However, to comply with La.Code Crim.P. art. 894.1(C), the trial court is not required to "articulate every circumstance or read through a checklist of items." *State v. Anderson*, 95-1688, p.4 (La.App. 3 Cir. 5/8/96); 677 So.2d 480, 483. Still, the record should sufficiently establish that the trial court adequately considered the codal guidelines in particularizing a defendant's sentence. *Id.* In this case, we find that the trial court did adequately comply with La.Code Crim.P. art. 894.1(C), although it did not specifically state in each instance which section or subsection of the Article it was considering and merely stated that it had "reviewed Article 894.1 sentencing guidelines." We note that "[i]f there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in Article 894.1 will not necessitate a remand for resentencing." *Anderson*, 677 So.2d at 483.

While the trial court did not expressly address the factors found in La.Code Crim.P. art. 894.1, it did specifically address the effect the sentence would have on the defendant, given his age, as well as the defendant's expression of remorse. Additionally, we note that the defendant benefitted significantly from the plea

---

[2]His co-defendant and older cousin, Bryan King, received a sentence of twenty years with ten years suspended and five years probation.

agreement by drastically limiting his incarceration exposure through the dismissal of the other felony charges.

> [A] substantial advantage obtained by means of a plea bargain is a legitimate consideration in sentencing. Where a defendant has plead guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense.

*State v. Wynne,* 40,921 p.11 (La.App. 2 Cir. 4/12/06), 926 So.2d 789, 797 (citations omitted).

Finally, we note that the maximum incarceration sentence for armed robbery is "ninety-nine years, without benefit of parole, probation, or suspension of sentence." La.R.S. 14:64(B). Thus, the defendant's sentence is well within the statutory limits of that statute. The trial court has wide discretion in sentencing a defendant and a sentence imposed within the statutory limits will not be set aside as excessive absent a manifest abuse of that wide discretion. *State v. Howard*, 414 So.2d 1210 (La.1982). We find no abuse of the trial court's wide discretion in the sentence imposed on the defendant.

## DISPOSITION

We affirm the trial court's sentence in all respects.

**AFFIRMED.**

This opinion is **NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.**

4