GENOVESE, J.,
concurs in part, dissents in part, and assigns the following reasons.
|J concur with the majority in affirming the trial court in all respects except for its reduction and rendering of sentence on the attempted molestation of a juvenile conviction in accordance with La.R.S. 14:81.2(C) and La.R.S. 14:27(D)(3) in effect at the time the offense was committed. Because the majority superimposes its judgment for that of the trial court as to sentencing on the attempted molestation of a juvenile charge, I must respectfully dissent.
In its opinion, the majority states, “[I]t is evident that the trial court would do the same thing on this count.” Though that may indeed be the case, we cannot make that assumption. Generally, sentencing is the function of the trial court. Though an *305 appellate court may correct an illegal sentence as set forth in La.Code Crim.P. art. 882, an appellate court may not correct an illegal sentence if that correction involves the exercising of sentencing discretion as in this case. The facts in this case require a remand for the trial court to perform that function. State v. Gregrich, 99-178 (La.App. 3 Cir. 10/13/99), 745 So.2d 694.
At the time the offense was committed, between December 2004 and March 15, 2005, the sentence for molestation of a juvenile was one to fifteen years, with or without hard labor. Therefore, the maximum sentence for attempted molestation of |2a juvenile would be seven and one-half years. The trial court sentenced the Defendant to one hundred twenty months (ten years) at hard labor, which is illegal because it exceeds the maximum sentence allowed by law. Seven and one-half years is not a mandatory sentence. Because there is discretion here, it is the trial court, not the appellate court, which should resentence the Defendant as it deems appropriate. Consequently, this court should not superimpose its sentence for that of the trial court. In my view, the illegal sentence rendered by the trial court on the attempted molestation charge must be vacated and the case remanded to the trial court for resentencing on that charge. I would affirm the trial court in all other respects.