# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-393

**STATE OF LOUISIANA**

**VERSUS**

**NEAL W. INSLEY**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 73136
HONORABLE VERNON BRUCE CLARK, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and John D. Saunders, Judges.

**VACATED AND REMANDED WITH INSTRUCTIONS.**

**Hon. Asa A. Skinner**
**District Attorney - 30th JDC**
**P. O. Box 1188**
**Leesville, LA 71446-1188**
**(337) 239-2008**
**Counsel for Plaintiff Appellee:**
**State of Louisiana**


**Paula Corley Marx**
**Louisiana Appellate Project**
**P. O. Box 80006**
**Lafayette, LA 70598-0006**
**(337) 991-9757**
**Counsel for Defendant Appellant:**
**Neal W. Insley**

**Terry Wayne Lambright**
**Attorney at Law**
**100 S. Third St., Suite A**
**Leesville, LA 71446**
**(337) 239-6557**
**Counsel for Plaintiff Appellee:**
**State of Louisiana**

**SAUNDERS, Judge:**

Defendant, Neal W. Insley, was charged by bill of information with contributing to the delinquency of a minor by knowingly smoking crack cocaine with a juvenile twelve years of age, a violation of La.R.S. 14:92. On September 5, 2008, Defendant entered into a plea agreement: he pled guilty to the lesser included offense of attempted contribution to the delinquency of a juvenile and, in return, the State agreed to not charge him as a habitual offender.

On November 25, 2008, the trial court sentenced Defendant to serve three years at hard labor and to pay court costs; no fine was given. On December 29, 2008, Defendant filed a motion to reconsider sentence, which was denied without a hearing or written reasons.

Defendant comes before this court on appeal to challenge the excessiveness of his sentence. We find merit to Defendant's argument.

**FACTS:**

At the guilty plea hearing, the State recited the following factual basis for the plea:

> It's contended by the State of Louisiana on or about March 16th, 2007 in Vernon Parish, the defendant committed the offense of contributing to the delinquency of a minor and that he did knowingly smoke crack cocaine with, with a juvenile in violation of R.S. 14:92. According to the bill, more specifically, it's 14:92, Section (11) (a).

**DISCUSSION OF THE MERITS:**

In his sole assignment of error, Defendant contends that his three-year sentence is unconstitutionally excessive. First, Defendant argues that the maximum sentence for attempted contribution to the delinquency of a juvenile under La.R.S. 14:92(A)(11)(a) is two and one-half years when the crime involved the possession of cocaine. We note that the State's brief concedes that this argument may have merit.

Second, Defendant argues that "a three year sentence is excessive for an offender who has medical problems and is wheelchair bound."

In his Motion to Reconsider Sentence, Defendant did not set forth a specific ground upon which his motion was based, stating only that his sentence was excessive. "Failure to. . . include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review." La.Code Crim.P. art. 881.1(E). Defendant did not argue that his sentence was excessive due to his medical condition or disability. Accordingly, the issue is not properly before this court and Defendant is relegated to a bare claim of excessiveness.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

2

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1, 3 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

Defendant pled guilty to attempted contribution to the delinquency of a juvenile by knowingly smoking crack cocaine with a juvenile twelve years of age, a violation of La.R.S. 14:92 (A)(11)(a). The penalty for this offense is governed by La.R.S. 14:92(E)(1), which provides:

> Whoever is charged and convicted of contributing to the delinquency of a juvenile under Subparagraph (a) of Paragraph (11) of Subsection A of this Section shall be imprisoned at hard labor for not less than two years and for not more than ten years or imprisoned according to the sentence of imprisonment for the underlying felony, whichever is less.

Here, the underlying felony is the possession of cocaine, which carries a penalty of imprisonment with or without hard labor for not more than five years, and a possible fine of not more than five thousand dollars. La.R.S. 40:967(C)(2). Thus, Defendant's maximum sentencing exposure was five years, as this was the lesser penalty. Because Defendant pled guilty to the lesser included offense of attempt, his maximum sentencing exposure was further reduced.

3

The statute governing penalties for attempted offenses, La.R.S. 14:27(D)(3), provides as follows:

> In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.

As such, the penalty for attempted contribution to the delinquency of a juvenile by knowingly smoking crack cocaine is zero to two and one-half years. Here, Defendant was sentenced to three years at hard labor. Thus, we find that Defendant received an illegal sentence.

Pursuant to La.Code Crim.P art. 882, an appellate court can correct an illegal sentence at any time. However, "an appellant court may not correct an illegal sentence if that correction involves the exercising of sentencing discretion." *State v. Curtis*, 08-99, p.1 (La.App. 3 Cir. 6/5/08), 987 So.2d 294, 305. Thus, "[t]he facts in this case require a remand for the trial court to perform that function. *State v. Gregrich*, 99-178 (La.App. 3 Cir. 10/13/99), 745 So.2d 694." *Id*.

Accordingly, Defendant's sentence is vacated and the case remanded to the trial court for imposition of a sentence not in excess of two and one-half years.

## CONCLUSION:

Defendant's sentence is vacated and the case remanded to the trial court for imposition of a sentence that does not exceed two and one-half years.

**VACATED AND REMANDED WITH INSTRUCTIONS.**