NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-132

STATE OF LOUISIANA

VERSUS

MARVIN DIXON

************

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 87,680
HONORABLE SCOTT WESTERCHIL, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Jimmie C. Peters, James T. Genovese, and John E. Conery, Judges.

SENTENCE VACATED AND
REMANDED FOR RESENTENCING.

**Edward J, Marquet**
**Louisiana Appellate Project**
**P.O. Box 53733**
**Lafayette, LA 70505-3733**
**(337) 237-6841**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Marvin Dixon**

**Asa A. Skinner**
**District Attorney**
**Terry W. Lambright**
**First Assistant District Attorney**
**Thirtieth Judicial District**
**P.O. Box 1188**
**Leesville, Louisiana 71446**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**PETERS, J.**

The defendant, Marvin Dixon, entered a plea of guilty to the offense of attempted aggravated crime against nature, a violation of La.R.S. 14:27 and La.R.S. 14:89.1. He now appeals the sentence imposed by the trial court on the attempted aggravated crime against nature conviction. For the following reasons, we vacate the sentence imposed and remand the matter to the trial court for resentencing.

## DISCUSSION OF THE RECORD

The State of Louisiana (state) originally charged the defendant on April 7, 2015, with three counts of aggravated crime against nature, violations of La.R.S. 14:89.1. The three offenses were alleged by the state to have occurred between July 17, 2008 and July 10, 2010. The defendant's victim in all three counts was alleged to have been born on July 10, 1997. Therefore, the alleged victim was under the age of thirteen years when the offenses were alleged to have occurred.

The defendant entered a plea of guilty to one count of attempted aggravated crime against nature on October 7, 2015, in exchange for the state dismissing the other two charges. The trial court sentenced him to serve thirty years at hard labor without the benefit of probation, parole, or suspension of sentence. The defendant argues on appeal that the trial court imposed an illegally excessive sentence. We agree.

## OPINION

At the time the trial court sentenced the defendant, the applicable sentence for an offender convicted of aggravated crime against nature under the circumstances of this case was set forth in La.R.S. 14:89.1(C)(2) which reads as follows:

Whoever commits the crime of aggravated crime against nature as defined by Paragraph (A)(2) of this Section with a victim under the age of thirteen years when the offender is seventeen years of age or older shall be punished by imprisonment at hard labor for not less than twenty-five years nor more than ninety-nine years. At least twenty-five years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.

With regard to an attempt to commit the offense of aggravated crime against nature, La.R.S. 14:27(D)(3) provides that an offender convicted of an attempt to commit the offense of aggravated crime against nature is subjected to imprisonment that "shall not exceed . . . one-half of the longest term of imprisonment prescribed for the offense so attempted[.]"

Based on the law in effect at the time of the defendant's sentencing, he could have been sentenced to a minimum of twelve and one-half years at hard labor, and a maximum of forty-nine and one-half years at hard labor; and at least twelve and one-half years of any sentence imposed would be served without the benefit of parole, probation, or suspension of sentence.

Louisiana Revised Statutes 14:89.1 has been amended a number of times since July of 2010, and these amendments have significantly affected the sentences that may be imposed for the offense of aggravated crime against nature. Between July 17, 2008 and July 10, 2010, the penalty for commission of the offense consisted of one range of incarceration regardless of the underlying facts giving rise to the charge. That range was set forth in La.R.S. 14:89.1(B) during that time period and provided that "[w]hoever commits the crime of aggravated crime against nature shall be imprisoned at hard labor for not less than three nor more than fifteen years, such prison sentence to be without benefit of suspension of sentence, probation or parole." Louisiana Revised Statutes 14:27(D)(3) read the same as it does today.

Based on the law in effect at the time of the offense, the defendant's

incarceration exposure was not less than one and one-half years at hard labor, nor more than seven and one-half years at hard labor. Any sentence imposed was to be served without the benefit of probation, parole, or suspension of sentence. The error before us is that the trial court sentenced the defendant under the version of La.R.S. 14:89.1 in effect at the time of the sentencing, and the defendant must be sentenced based on what La.R.S. 14:89.1 provided at the time of the offense. *State v. Sugasti*, 01-3407 (La. 6/21/02), 820 So.2d 518.

The sentence imposed by the trial court is illegal in that it exceeds the statutorily authorized sentence. Although La.Code Crim.P. art. 882(A) gives an appellate court some authority on review to correct an illegal sentence, that authority does not extend to a situation where imposition of the sentence involves the exercise of sentencing discretion. *State v. Gregrich*, 99-178 (La.App. 3 Cir. 10/13/99), 745 So.2d 694. Where sentencing discretion is involved, the matter must be remanded to the trial court for resentencing. *Id.*

## DISPOSITION

For the foregoing reasons, we vacate the sentence imposed in this matter and remand the matter to the trial court for resentencing pursuant to the sentence parameters provided in La.R.S. 14:27 and La.R.S. 14:89.1 which were in effect at the time of the commission of the offense.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

3