664 So.2d 698 (1995)
STATE of Louisiana, Appellee
v.
Terry A. GUIDRY, Defendant-Appellant.
No. 95-254.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1995.
Richard Phillip Ieyoub, Baton Rouge, Morgan J. Goudeau III, Opelousas, and David Michael Miller, Asst. Dist. Atty, for the State of La.
Edward J. Lopez, Opelousas, for Terry A. Guidry.
Before DOUCET, C.J., and AMY and SULLIVAN, JJ.
AMY, Judge.
Defendant, Terry Guidry, was convicted of sexual battery, in violation of La.R.S. 14:43.1. On appeal, he contends that the evidence is insufficient to support his conviction. For the reasons which follow, we affirm.

FACTS
The defendant lived with Wynette Perkins, the victim's mother, and the victim from January 1993 until July 1993. In July of 1993, the victim went to Texas after her tenth birthday to visit Somelia Manuel, her maternal grandmother. During this visit, the victim testified that she told her grandmother that the defendant had touched her *699 and was using his finger on her. Ms. Manuel told Ms. Perkins about the victim's allegations. After discussing the matter with her daughter, Ms. Perkins reported the matter to the Opelousas Police Department. The offense allegedly occurred during the first half of 1993, while the victim was home alone with the defendant.
On December 13, 1993, the defendant, Terry Guidry, was indicted for the crime of aggravated rape of a female child under the age of twelve years in violation of La.R.S. 14:42A(4). Defendant was tried on June 27, 1994, and the jury returned a responsive verdict of guilty of sexual battery, a violation of La.R.S. 14:43.1. On November 18, 1994, the district court sentenced the defendant to three (3) years at hard labor, but suspended this sentence and placed the defendant on active supervised probation for three and one-half years under the conditions of La. Code Crim.P. art. 895. Furthermore, the trial court imposed the following special conditions on the defendant: pay costs; reimburse the Indigent Defender Board $150.00; serve one (1) year in the parish jail; and have no contact with the victim. The defendant timely perfected this appeal and asserted as his sole assignment of error that the evidence was insufficient to support his conviction.

SUFFICIENCY OF THE EVIDENCE
In his single assignment of error, the defendant maintains that the evidence adduced at trial was insufficient to have supported his conviction for sexual battery.
When the sufficiency of the evidence to support a conviction is raised on appeal, the pertinent inquiry of the reviewing court is whether the evidence, viewed in the light most favorable to the prosecution, was sufficient for any rational trier of fact to have determined that the State proved beyond a reasonable doubt the elements of the crime. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, rehearing denied, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Moody, 393 So.2d 1212 (La.1981).
Where rational triers of fact could disagree as to the interpretation of the evidence, the rational triers' view of all evidence most favorable to the prosecution must be adopted on review. Only irrational decisions to convict by the triers of fact will be overturned. See State v. Mussall, 523 So.2d 1305 (La.1988).
For defendant's conviction to be upheld, the record must establish that the State proved beyond a reasonable doubt all the essential elements of sexual battery. La.R.S. 14:43.1 provides:
A. Sexual battery is the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, where the offender acts without the consent of the victim, or where the other person has not yet attained fifteen years of age and is at least three years younger than the offender:
(1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender.
Every crime, including sexual battery, contains an act element and an intent element that must be proven by the state. La.R.S. 14:8. Therefore, the State must have proven beyond a reasonable doubt that the defendant intentionally committed the proscribed actions.
In the case before us, the victim, who was ten years old by the time of trial, testified that she understood what it meant to tell the truth and the difference between telling the truth and telling a lie. She identified the defendant and unequivocally testified that on nine or ten occasions, the defendant touched her on her chest and on her vagina and that he got on top of her and moved back and forth. She stated that the defendant showed her her mother's gun and threatened to kill her and her mother if she told anyone what happened. The victim's testimony is unclear and contradictory as to whether the defendant ever disrobed her and whether he inserted his penis into her vagina.
Although a victim's testimony is contradictory, it can support a conviction of *700 sexual battery if it is clear with respect to the essential elements of sexual battery. c.f. State v. Toups, 546 So.2d 549 (La.App. 1 Cir.1989). We find that the victim's unequivocal testimony about defendant's touching her chest and vagina and laying on top of her clearly establishes the act element of the crime of sexual battery for Jackson purposes. With respect to intent, this element is also established by the victim's testimony and from the circumstances surrounding the offense. State v. Yarbrough, 596 So.2d 311 (La.App. 3 Cir.), writ denied, 599 So.2d 317 (La.1992).
As defendant correctly argues in his brief, the victim's testimony is unclear as to whether the defendant ever disrobed her and whether he inserted his penis into her vagina. Since neither penetration nor disrobing is an element of the crime of sexual battery, this conflicting testimony only relates to the victim's credibility. It is the role of the fact finder to weigh the respective credibility of the witness, and therefore the appellate court should not second-guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino, 436 So.2d 559. It is the province of the trier of fact to accept or reject, in whole or in part, the testimony of any witness. State v. Nolan, 503 So.2d 1186 (La.App. 3 Cir.), writ denied, 507 So.2d 226 (La.1987); State v. Jeansonne, 580 So.2d 1010 (La.App. 3 Cir.), writ denied, 584 So.2d 1170 (La.1991). It was within the jury's province to reject the victim's testimony as to penetration, but to accept her testimony as to the defendant's manual contact with her vaginal area. In so doing, the jury properly exercised its fact-finding role, weighing the testimony of the various witnesses. Therefore, this assignment lacks merit.

ERRORS PATENT
Pursuant to Article 920 of the Code of Criminal Procedure, we have reviewed the record for errors patent and found that the record does not indicate that the defendant was given credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. La.Code Crim.P. art. 880. Accordingly, defendant's sentence shall be amended to reflect that he is given credit for time served prior to the execution of the sentence, as is required by La.Code Crim.P. art. 882(A). We remand this matter to the district court, ordering it to amend the commitment and minute entry of the sentence to reflect that the defendant is given credit for time served. See State v. Moore, 93-1632 (La.App. 3 Cir. 5/4/94); 640 So.2d 561, writ denied, 94-1455 (La. 3/30/95); 651 So.2d 858.

DECREE
For the reasons assigned, defendant's conviction and sentence are affirmed. The case is remanded to the trial court to amend the commitment and the minute entry of the sentence to reflect that the defendant is given credit for time served.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.