787 So.2d 576 (2001)
STATE of Louisiana
v.
Kevin Lee DARBONNE.
No. 01-39.
Court of Appeal of Louisiana, Third Circuit.
June 6, 2001.
*577 Raymond J. LeJeune, Assistant District Attorney, Thirteenth Judicial District, District Attorney, Ville Platte, LA, Counsel for State/Appellee, State of Louisiana.
John Larry Vidrine, Attorney at Law, Ville Platte, LA, Counsel for Defendant/Appellant, Kevin Lee Darbonne.
Court composed of SYLVIA R. COOKS, BILLIE COLOMBARO WOODARD, and JIMMIE C. PETERS, Judges.
WOODARD, Judge.
On December 7, 1999, the State indicted Mr. Kevin Lee Darbonne with one count of aggravated crime against nature, one count of oral sexual battery, two counts of molestation of a juvenile, one count of aggravated rape, and one count of aggravated oral sexual battery. On August 28, 2000, it amended the bill of indictment to change counts three and four, thereby, substituting the former charges of molestation of a juvenile to indecent behavior with a juvenile, in violation of La.R.S. 14:81(A). On August 29, 2000, the trial court convicted Mr. Darbonne of one count of aggravated crime against nature, one count of oral sexual battery, two counts of indecent behavior with juveniles, and one count of aggravated rape. On October 31, 2000, it held a sentencing hearing and issued the following sentences: five years at hard labor for aggravated crime of nature; five years at hard labor for oral sexual battery; five years at hard labor for two counts of molestation of a juvenile; and a mandatory life sentence at hard labor for aggravated rape. All sentences were to run concurrently. Mr. Darbonne appeals his conviction. We affirm and remand with instructions.

* * * * *
In September 1998, Mr. Darbonne moved into D.D.'s, his cousin's, home, D.D. lived with his wife, E.D., and his two minor stepsons, J.B.J. and J.T.J. D.D.'s biological minor son, J.G.D., visited with D.D. at the same residence every other week, between May 1999 and August 1999. Mr. Darbonne continued to live at his cousin's home until August 13, 1999. He left after he was confronted with accusations that he had molested, and initiated sexual acts with, D.D.'s minor son, J.G.D., and two minor stepsons, J.B.J. and J.T.J. The alleged abuse happened between February 1999 and August 1999, when Mr. Darbonne was thirty years old.
On December 7, 1999, the State indicted him with one count of aggravated crime against nature, one count of oral sexual battery, two counts of molestation of a juvenile, one count of aggravated rape, and one count of aggravated oral sexual battery. The latter charge was based on an incident unrelated to this case.
On August 28, 2000, the State amended the bill of indictment to change counts three and four, thereby, substituting the former charges of molestation of a juvenile to indecent behavior with a juvenile, in violation of La.R.S. 14:81(A). After the one count of aggravated oral sexual battery was severed, Mr. Darbonne waived his right to a jury trial and received a bench trial for the five remaining indictments. The trial court convicted him of one count of aggravated crime against nature, one count of oral sexual battery, two counts of indecent behavior with juveniles, and one count of aggravated rape. It later sentenced him to five years at hard labor *578 for aggravated crime of nature; five years at hard labor for oral sexual battery; five years at hard labor for two counts of molestation of a juvenile; and a mandatory life sentence at hard labor for aggravated rape. All sentences are to run concurrently. He appeals.

* * * * *

ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent. We find three.
While the sentencing minutes indicate that the trial court gave him five years at hard labor, each, on two counts of molestation of a juvenile, the sentencing transcript, the amended bill of indictment and the trial minutes and transcript reflect that he was charged and convicted of two counts of indecent behavior with juveniles and that he was sentenced on these charges, not on molestation of a juvenile. Accordingly, we remand the case for the minutes to be corrected to reflect same.
Furthermore, the trial court failed to impose his sentences on counts one, two, and five without benefit of probation, parole or suspension of sentence, as La.R.S. 14:89.1(A)(6), La.R.S. 14:43.3(A)(1) and (2), and La.R.S. 14:42(A)(4) require. In State v. Bamburg, 00-675, (La.App. 3 Cir. 11/2/00); 772 So.2d 356, this court recently noted that "[p]reviously, this would have been treated as an illegally lenient sentence. However, pursuant to the provisions of La.R.S. 15:301.1, which became effective August 15, 1999, the sentence imposed by the trial court is deemed to contain those provisions."[1]
Since the trial court sentenced Mr. Darbonne after the effective date of La.R.S. 15:301.1, his sentences are deemed to contain these provisions.
Finally, the trial court did not inform him of the two-year time limit for filing post-conviction relief, as La.Code Crim.P. art. 930.8. requires. Thus, we direct the trial court to inform him of the provisions of article 930.8 by sending him the appropriate written notice within ten days of this opinion and to file written proof that he received the notice in the record of the proceedings.[2]

SUFFICIENCY OF EVIDENCE
Mr. Darbonne's only assignment of error is that the verdicts rendered were inconsistent with the law and evidence. Specifically, he argues that the three victims' testimonies were inconsistent and biased; that the children's parents confirmed that neither had seen him sleep in the same bed with any of the children; and that, therefore, the evidence was insufficient to convict him and we should reverse the convictions.
In reviewing the sufficiency of the evidence, this court applies the standard established in Jackson v. Virginia;[3] namely:
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino *579 v. King, 436 So.2d 559, (La. 1983); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Moody, 393 So.2d 1212 (La.1981). The role of the fact finder is to weigh the respective credibility of the witness. Therefore, the appellate court should not second guess the credibility determinations of the factfinder beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino v. King, 436 So.2d 559, citing State v. Richardson, 425 So.2d 1228 (La.1983).[4]
Absent internal contradiction or irreconcilable conflict with physical evidence, one witness' testimony is sufficient to support a defendant's conviction of a sex offense, even where the State does not introduce medical, scientific, or physical evidence to prove the commission of the offense.[5] Additionally, this court has affirmed convictions, where the defendant was convicted of a sex offense, based solely on minor victims' testimonies.[6]
The trial court convicted Mr. Darbonne of having committed an aggravated crime against nature, oral sexual battery, two counts of indecent behavior with a juvenile, and aggravated rape. The applicable criminal statutes are La.R.S. 14:89.1(A)(6), 14:43.3(A)(1) and (2), 14:81(A), and 14:42(A)(4). The State introduced the three victims' testimonies to support Mr. Darbonne's convictions. They were minors at the time of the offenses. All stated that Mr. Darbonne slept in the same bed with each of them, initiating sexual acts, between September 1998 and August 13, 1999.

Aggravated Crime Against Nature
The State charged Mr. Darbonne with aggravated crime against nature, violating La.R.S. 14:89.1(A)(6), because he allegedly sodomized a thirteen-year-old.
La.R.S. 14:89.1(A)(6) defines aggravated crime against nature, in pertinent part, as:
A. Aggravated crime against nature is a crime against nature committed under any one or more of the following circumstances:
(6) When the victim is under the age of seventeen years and the offender is at least three years older than the victim.
Crime against nature is defined in La. R.S. 14:89(A), which states, in pertinent part:
Crime against nature is:
(1) The unnatural carnal copulation by a human being with another of the same sex or opposite sex or with an animal, except that anal sexual intercourse between two human beings shall not be deemed as a crime against nature when done under any of the circumstances described in R.S. 14:41, 14:42, 14:42.1 or 14:43. Emission is not necessary; and, when committed by a human being with another, the use of the genital organ of one of the offenders of whatever sex is sufficient to constitute the crime.
(2) The solicitation by a human being of another with the intent to engage in *580 any unnatural carnal copulation for compensation.
The Louisiana Supreme Court has held that unnatural copulation includes anal-genital intercourse and oral sex between two persons of the same sex.[7] According to the fifth circuit, anal-genital penetration is an essential element of crime against nature.[8] And, it is well settled in this court that "the `victim's testimony alone is sufficient to establish the fact of penetration.'"[9]
The victim, J.B.J., testified that whenever Mr. Darbonne slept in the same bed with him, he would fondle him and perform oral sex on him and he made him "put his mouth on" Mr. Darbonne's penis, as well as initiate and engage in anal sex with him.
J.B.J.'s mother corroborated that he was thirteen when Mr. Darbonne did these things. And Mr. Darbonne confirmed that he was born on August 26, 1968, which made him thirty years old, obviously, at least three years older than J.B.J.
Accordingly, we find that the evidence was sufficient to convince the trier of fact that Mr. Darbonne committed a crime against nature on a child who was under seventeen and more than three years younger than him.

Oral Sexual Battery
The State also charged Mr. Darbonne with violating La.R.S. 14:43.3(A)(1) and (2), based on committing an oral sexual battery on a thirteen-year-old. Those statutes provide that:
A. Oral sexual battery is the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, when the offender either compels the other person to submit by placing the person in fear of receiving bodily harm, or when the other person has not yet attained fifteen years of age and is at least three years younger than the offender:
(1) The touching of the anus or genitals of the victim by the offender using the mouth or tongue of the offender; or
(2) The touching of the anus or genitals of the offender by the victim using the mouth or tongue of the victim.
La.R.S. 14:43.3 prohibits a person from intentionally engaging in oral sex with another person who is less than fifteen years old and more than three years younger than the perpetrator.
This court has stated that a defendant's intent to commit a sex offense "can be inferred from the circumstances of the case and the defendant's actions."[10] The fifth circuit affirmed a conviction under La.R.S. 14:43.3(A)(1), in a case where the defendant induced a fourteen-year-old boy to allow him to perform oral sex upon him.[11]
In the present case, J.B.J., who was thirteen years old at the time of the abuse, testified that Mr. Darbonne persuaded him to allow Mr. Darbonne to perform oral sex on him and vice versa.
*581 Accordingly, we find that the evidence is sufficient to prove, beyond a reasonable doubt, that Mr. Darbonne committed oral sexual battery, violating La.R.S. 14:43.3(A)(1) and (2).

Indecent Behavior with Juveniles
Additionally, the State charged him with indecent behavior with two minors, a ten-year-old and a fifteen-year-old child, violating La.R.S. 14:81(A). This statute provides that:
Indecent behavior with juveniles is the commission of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person. Lack of knowledge of the child's age shall not be a defense.
In State v. Guidry,[12] this court affirmed the defendant's conviction of indecent behavior with juveniles where the seven-year-old victim testified that he had entered the room where she was sleeping, raised her nightgown, pulled down her panties, and "licked" her. The opinion noted that the act was sufficient to convince a trier of fact that the defendant committed a lewd and lascivious act within the meaning of the La.R.S. 14:81(A).
Also, in State v. Shirah,[13] this court found that nine-year-old and eleven-year-old victims' testimonies that the defendant touched their genitals, forced them to touch his genitals, and attempted to have vaginal sex with each of them were sufficient to satisfy La.R.S. 14:81(A).
In the present case, J.G.D. stated that, when Mr. Darbonne slept in the same bed with him, Mr. Darbonne would "play with him and stick his penis in his butt," would "pull" on his penis, and "put his mouth on his penis."
Likewise, J.T.J. testified that when Mr. Darbonne would sleep in the same bed with him, he would pull down J.T.J.'s shorts, fondle his penis, and engage in oral sex with him. J.T.J. also remarked that Mr. Darbonne asked him to engage in anal sex, but he refused to do so and that he had demanded that Mr. Darbonne leave him alone, to no avail.
Both victims asserted that they were under the age of seventeen and more than two years younger than Mr. Darbonne. At the time of the offenses, J.G.D. was ten years old, and J.T.J. was fifteen, while Mr. Darbonne was thirty.
Therefore, we find that the evidence is sufficient to prove, beyond a reasonable doubt, that Mr. Darbonne committed two acts of indecent behavior with juveniles, both in violation of La.R.S. 14:81(A).

Aggravated Rape
La.R.S. 14:42(A)(4) defines aggravated rape as:
A. Aggravated rape is a rape committed upon a person sixty-five years of age or older or where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
(4) When the victim is under the age of twelve years. Lack of knowledge of the victim's age shall not be a defense.
La.R.S. 14:41 defines a rape as:
A. Rape is the act of anal or vaginal sexual intercourse with a male or female person committed without the person's lawful consent.

*582 B. Emission is not necessary and any sexual penetration, vaginal or anal, however slight is sufficient to complete the crime.
In State v. Wright,[14] this court upheld an aggravated rape conviction when it based its ruling on a nine-year-old child who testified that the defendant had "stuck his penis in my behind."[15]
Likewise, in the case at bar, J.G.D., who was ten at the time of the abuse, testified that Mr. Darbonne "play[ed] with him and st[u]ck his penis in his butt."
Again, we find that the evidence is sufficient to convince the trier of fact, beyond a reasonable doubt, that Mr. Darbonne had anal sex with a child under the age of twelve, thereby, committing aggravated rape.

CONCLUSION
We affirm Mr. Darbonne's convictions and remand the case for the trial court to amend the minutes of sentencing to reflect that his sentence is five years at hard labor for each count of indecent behavior with a juvenile instead of molestation of a juvenile, as the minutes presently reflect. Also, we direct the trial court to inform him of the provisions of La.Code Crim.P. art. 930.8 by sending him appropriate written notice within ten days of the rendition of this opinion and to file written proof that he received same in the record of the proceedings.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] 00-675 (La.App. 3 Cir. 11/2/00); 772 So.2d 356.
[2] See State v. Fontenot, 616 So.2d 1353 (La. App. 3 Cir.), writ denied, 623 So.2d 1334 (La.1993).
[3] 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
[4] State v. Miller, 98-1873, p. 5 (La.App. 3 Cir. 10/13/99); 746 So.2d 118, 120.
[5] State v. Stevens, 33,700 (La.App. 2 Cir. 8/23/00); 766 So.2d 634; State v. Arwood, 00-152 (La.App. 5 Cir. 6/27/00); 762 So.2d 1266; State v. Mickens, 31,737 (La.App. 2 Cir. 3/31/99); 731 So.2d 463, writ denied, 99-1078 (La.9/24/99); 747 So.2d 1118.
[6] See State v. Davis, 97-331 (La.App. 3 Cir. 10/29/97); 702 So.2d 1014, writ denied, 97-2990 (La.11/6/98); 726 So.2d 919; see also State v. Dugas, 94-769 (La.App. 3 Cir. 2/1/95); 649 So.2d 1193; State v. Hillman, 613 So.2d 1053 (La.App. 3 Cir.1993).
[7] State v. Smith, 94-3116 (La.10/16/95); 661 So.2d 442; State v. Phillips, 365 So.2d 1304 (La.1978); State v. Williams, 98-1146 (La. App. 5 Cir. 6/1/99); 738 So.2d 640.
[8] 98-1146 p. (La.App. 5 Cir. 6/1/99); 738 So.2d 640, 649.
[9] State v. Wright, 96-786 p. (La.App. 3 Cir. 2/19/97); 690 So.2d 850, 856, writ denied, 97-665 (La.9/26/97); 701 So.2d 978.
[10] State v. Yarbrough, 596 So.2d 311, 314 (La.App. 3 Cir.1992).
[11] 98-1146 (La.App. 5 Cir. 6/1/99); 738 So.2d 640,
[12] 94-897 (La.App. 3 Cir. 3/1/95); 651 So.2d 458.
[13] 97-384 (La.App. 3 Cir. 10/8/97); 702 So.2d 825.
[14] 96-786 (La.App. 3 Cir. 2/19/97); 690 So.2d 850, writ denied, 97-665 (La.9/26/97); 701 So.2d 978.
[15] Id. at 856.