# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-1465

**STATE OF LOUISIANA**

**VERSUS**

**MARK EDWARD BLAKE**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NUMBER 37,666
HONORABLE DURWOOD W. CONQUE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLIE COLOMBARO WOODARD**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billie Colombaro Woodard, and Michael G. Sullivan, Judges.

**AFFIRMED and REMANDED.**

Michael Harson, District Attorney
Ted L. Ayo, Assistant District Attorney
Fifteenth Judicial District
Post Office Box 3306
Lafayette, Louisiana 70502-3306
(337) 232-5170
Counsel for State/Appellee

Peggy J. Sullivan
Louisiana Appellate Project
Post Office Box 2775
Monroe, Louisiana 71207-2775
(318) 387-6124
Counsel for Defendant/Appellant:
        Mark Edward Blake

WOODARD, Judge.

On appeal, we consider whether the evidence presented at trial was sufficient to support the Defendant's conviction on two counts of sexual battery. We also determine whether his trial counsel was ineffective. We affirm.

* * * * *

On April 21, 2001, Mark Edward Blake, who was thirty-eight years old at the time, committed a sexual battery on two children, a five-year-old girl and a seven-year-old girl, at their grandmother's home. Their grandmother was dating the Defendant when this incident occurred. Sometime afterwards, these girls, who were sisters, told their mother that the Defendant rubbed their breasts, vagina, and anus with his hands, rubbed his penis on their legs, and forced them to touch his penis with their hands. The older child also accused him of kissing her and sticking his tongue in her mouth.

On May 1, 2001, the parents of these two children reported this to the police. Two days later, on May 3, 2001, Dr. Powlin Manuel examined the children and found no evidence of trauma to their genitalia. However, he noted that one of the victims complained of "burning with urination" and had "redness" in the "external genitalia" area.

On July 27, 2001, the trial court charged the Defendant, by bill of information, with two counts of sexual battery in violation of La.R.S. 14:43.1. He waived formal arraignment on September 20, 2001 and entered a plea of not guilty.

On August 19, 2003, this matter came to trial. A jury convicted the Defendant as charged. On September 3, 2003, the trial court sentenced him to five years on each count with each sentence to run consecutively.

On August 21, 2003, the Defendant filed a motion for post verdict judgment of acquittal or, in the alternative, for a new trial. Without a hearing, the trial court denied this motion on August 29, 2003.

On appeal, the Defendant asserts that: (1) the evidence was insufficient to support a conviction for sexual battery; (2) his sentence constitutes an excessive sentence under the facts and circumstances of this case; (3) the trial court did not adequately comply with La.Code Crim.P. art. 894.1 and did not sufficiently articulate

1

a basis for the sentences imposed; (4) by failing to file a "Motion to Reconsider Sentence," his trial counsel was ineffective; and (5) the trial court failed to inform him of the delays for application for post-conviction relief.

* * * * *

**ERRORS PATENT/ASSIGNMENT OF ERROR NO. 5**

According to La.Code Crim.P. art. 920, we must review all appeals for errors patent on the face of the record. We found one. In addition, we note that the sentencing minutes require correction.

The Defendant contends that the trial court did not advise him of the time period for filing an application for post-conviction relief as La.Code Crim.P. art. 930.8 provides. The sentencing minutes indicate that the trial court informed him of this time period, but the sentencing transcript does not. Furthermore, we note that the sentencing transcript indicates that his sentences are to be served without benefit of parole, probation or suspension of sentence; however, the sentencing minutes do not contain this restriction.

"When there is a conflict between the transcript and the minutes, the transcript prevails."[1] Thus, we remand this case for correction of the sentencing minutes so that they are consistent with the transcript—the Defendant will serve his sentences without benefit of parole, probation or suspension of sentence. Also, we direct the trial court to inform him of Article 930.8's provisions by sending him appropriate written notice within ten days of the rendition of this opinion, and to file in the record written proof that the Defendant received this notice.[2]

---

[1] *State v. Guillory*, 00-386, p. 19 (La.App. 3 Cir. 11/2/00), 773 So.2d 794, 805, *writ denied*, 00-3334 (La. 11/9/01), 801 So.2d 362.

[2] *See State v. Fontenot*, 616 So.2d 1353 (La.App. 3 Cir.), *writ denied*, 623 So.2d 1334 (La.1993). *See also State v. Courtney*, 99-1700 (La.App. 3 Cir. 5/3/00), 761 So.2d 112.

**SUFFICIENCY OF THE EVIDENCE**

The Defendant contends that the evidence was insufficient to support a conviction for sexual battery.

Regarding sufficiency of the evidence, this court has held:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witness. Therefore, the appellate court should not second-guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the *Jackson* standard of review.[3]

The trial court charged the Defendant with and found him guilty of two counts of sexual battery in violation of La.R.S. 14:43.1, which states, in pertinent part:

> A. Sexual battery is the intentional engaging in any of the following acts with another person where the offender acts without the consent of the victim, or where the act is consensual but the other person, who is not the spouse of the offender, has not yet attained fifteen years of age and is at least three years younger than the offender:

> (1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or

> (2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.

Accordingly, to convict the Defendant, the State must prove that: (1) the victims were younger than fifteen years old; (2) the Defendant was at least three years older than the victims; and (3) the Defendant touched the anus or genitals of the victims with any part of his body. The fact that both of the victims were under the age of fifteen when this incident occurred is undisputed. It is further undisputed that the

---

[3]*State v. Lambert*, 97-64, pp. 4-5 (La.App. 3 Cir. 9/30/98), 720 So.2d 724, 726-27.

Defendant is more than three years older than both of them. Therefore, the State, only, needed to prove that the touching element was satisfied beyond a reasonable doubt.

A victim's testimony, alone, is sufficient to prove the elements of an offense.[4] Regarding witness testimony, we acknowledged:

> The trier of fact may accept or reject, in whole or in part, the testimony of any witness. The fact that the record contains evidence which conflicts with the testimony accepted by the trier of fact does not render the evidence accepted by the trier of fact insufficient. Thus, in the absence of internal contradictions or irreconcilable conflict with physical evidence, one witness' testimony, if believed by the trier of fact, is sufficient to support the requisite factual conclusion.[5]

This court further held:

> Absent internal contradiction or irreconcilable conflict with physical evidence, one witness' testimony is sufficient to support a defendant's conviction of a sex offense, even where the State does not introduce medical, scientific, or physical evidence to prove the commission of the offense. Additionally, this court has affirmed convictions, where the defendant was convicted of a sex offense, based solely on minor victims' testimonies.[6]

The Defendant agrees that normally the testimony of a minor victim is sufficient to prove commission of the offense but asserts that, in this instance, the victim's testimonies are inconsistent. Specifically, he contends that they were inconsistent on when the inappropriate behavior began, when and whom the victims told of the incident, and who was present when the incidents occurred.

In *State v. Guidry*,[7] this court held: "Although a victim's testimony is contradictory, it can support a conviction of sexual battery if it is clear with respect

---

[4]*State v. J.B.*, 94-213 (La.App. 3 Cir. 10/5/94), 643 So.2d 402, *writ denied*, 94-2734 (La. 6/30/95), 657 So.2d 1020.

[5]*State v. Hongo*, 625 So.2d 610, 616 (La.App. 3 Cir. 1993), *writ denied*, 93-2774 (La. 1/13/94), 631 So.2d 1163 (citations omitted).

[6]*State v. Darbonne*, 01-39, pp. 3-4 (La.App. 3 Cir. 6/6/01), 787 So.2d 576, 579, *writ denied*, 02-533 (La. 1/31/03), 836 So.2d 64 (footnote omitted).

[7]95-254, p. 4 (La.App. 3 Cir. 11/2/95), 664 So.2d 698, 699-700.

to the elements of sexual battery." Here, the victims' testimonies regarding the elements of sexual battery are consistent. Any inconsistencies in their testimonies merely relate to their credibility.

According to the Defendant, the victims' mother's hatred of him fueled these allegations. To support his claim, he called multiple witnesses at trial who testified that the victims recanted.

The State called the victims' stepmother as a rebuttal witness. She testified that the victims sleep at her home every other weekend. Also, she confirmed their mother's claim that both girls have had trouble sleeping since these incidents occurred. She further pointed out that the victims' cousins, Candice and Jerry, were not telling the truth when they testified that they were at her house when they heard the victims say the incidents never occurred because neither Candice nor Jerry had been at her house while the victims were there.

The Defendant also admitted in evidence letters that he claims the victims wrote to him. Some of these letters contain what appears to be recants of their allegations against him. When asked about the letters, one victim stated that she recognized the letters and that the handwriting was hers but stated twice that her grandmother made her write them.

In *State v. Holley*,[8] the defendant presented evidence that the victim had recanted her story on several occasions. In *Holley*, like in the instant case, the record contained at least three letters, in which the victim wrote that she either lied about the incident or suggested that it did not happen; however, she testified that she wrote the notes because she thought that her mother wanted her to write them.[9] Ultimately, the *Holley* court chose to affirm the trial court's acceptance of the victim's version of events.

"It is the province of the trier of fact to accept or reject, in whole or in part, the testimony of the witness."[10] In *State v. Guidry*, when the jury accepted part of the witness' testimony and rejected other parts, we found that it "properly exercised its fact-finding role, weighing the testimony of the witnesses."[11] Therefore, given the

---

[8]01-254 (La.App. 3 Cir. 10/3/01), 799 So.2d 578.

[9]*Id.*

[10]*Guidry*, 664 So.2d at 700.

[11]*Id.*

mandate that we should not second guess the fact finder's credibility determinations beyond a *Jackson* sufficiency review, and viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that the State proved the elements of sexual battery beyond a reasonable doubt. Therefore, this assignment of error lacks merit.

INEFFECTIVE ASSISTANCE OF COUNSEL

The Defense never filed a "Motion to Reconsider Sentence" and neither the Defendant nor his counsel orally objected to the sentences at the sentencing hearing. According to La.Code Crim.P. art. 881.1, a defendant has thirty days following the imposition of sentence to make or file a "Motion to Reconsider Sentence." When the record indicates that the Defense neither made nor filed an objection regarding sentencing, the defendant is precluded from appealing his sentence.[12]

Therefore, the Defendant's excessive sentence claim is barred under Article 881.1. However, given that there is sufficient evidence in the record to address the ineffective assistance of counsel issue, we will review whether there was a reasonable probability that the trial court would have reduced his sentence had his trial counsel made or filed a motion to reconsider his sentences.[13]

When presented with an ineffective assistance of counsel claim, we have reasoned:

> Failure to file a motion to reconsider the sentence does not necessarily constitute ineffective assistance of counsel. Nevertheless, the defendant may have a basis to claim ineffective assistance of counsel when the [sic] he can show a reasonable probability, but for defense counsel's error, his sentence would have been different. Furthermore, in *State v. Francis*, 99-208 (La.App. 3 Cir. 10/6/99), 748 So.2d 484, *writ denied*, 00-544 (La.11/13/00), 773 So.2d 156, this court stated:
>
> > A claim of ineffective assistance of counsel is properly raised in an application for post conviction relief. This allows the trial judge an opportunity to order a full evidentiary hearing on the matter. However, where the

---

[12]*State v. Joubert*, 97-1093 (La.App. 3 Cir. 2/4/98), 705 So.2d 1295, *writ denied*, 98-1525 (La. 10/30/98), 723 So.2d 973.

[13]*See State v. Prudhomme*, 02-511 (La.App. 3 Cir. 10/30/02), 829 So.2d 1166, *writ denied*, 02-3230 (La. 10/10/03), 855 So.2d 324.

record contains evidence sufficient to decide the issue and the issue is raised by an assignment of error on appeal, it may be considered.

Since we find that the record contains sufficient evidence to address this ineffective assistance of counsel issue, we will determine whether there was a reasonable probability that the defendant's sentence would have been reduced had defense counsel made or filed a motion to consider his sentence.[14]

We further held that the accused cannot prove an allegation of ineffectiveness without a *specific showing of prejudice*.[15] Whether or not a defendant received ineffective assistance of counsel is a two-part inquiry. First, we must determine whether the trial court would have reduced the Defendant's sentences upon the filing of a "Motion to Reconsider Sentence." Second, we must determine whether the sentences were excessive.

*Possible Reduction of Defendant's Sentences*

At the sentencing hearing, the trial court stated:

The court really has no benefit of any information on which to base the sentence, other than what was heard at the trial. There's certainly no question the court considers the offense a serious one as does the law. I do not have any indication or any reason to believe that this is the kind of crime under these particular circumstances that would call for a minimum sentence. Nor do I feel that the circumstances are the most egregious that this court can envision with regard to sexual battery to warrant the maximum.

. . . .

I feel that a fair sentence under the circumstances would be somewhere in the mid-range between minimum and maximum. For that reason, I will, pursuant to the jury verdict in this case, in Docket No. 37666, on each of the two counts of sexual battery, I sentence you Mr. Blake to serve a term of imprisonment at hard labor for a period of 5 years on each count, without benefit of probation, parole, or suspension of sentence, to run consecutive with the other, and consecutive with any other sentences he's presently serving.

---

[14]*Id.* at 1177 (citations omitted).

[15]*State v. Reed*, 00-1537 (La.App. 3 Cir. 3/6/02), 809 So.2d 1261, *writ denied*, 02-1313 (La. 4/25/03), 842 So.2d 391.

7

At this hearing, the State alluded to at least two other felonies on the Defendant's rap sheet. The State did not have the certified minutes of these felony convictions, so the trial court declined to consider them when sentencing the Defendant.

The trial court gave what it thought was a "fair sentence." It also heard the testimony at trial and based its sentencing decision on that evidence. The sentence imposed was a midrange sentence. As such, it is unlikely that the trial court would have reduced his sentences even if the Defendant's trial counsel would have made or filed a "Motion to Reconsider Sentence." Thus, we find that the Defendant failed to show a reasonable probability that the trial court would have reduced his sentence had his trial counsel made or filed a "Motion to Reconsider Sentence."

*Excessive Sentence*s

Appellate courts must use the following standard when reviewing excessive sentence claims:

> Article 1, § 20 of the Louisiana Constitution of 1974, prohibits "cruel, excessive, or unusual punishment." A sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion.[16]

To decide whether a sentence makes no meaningful contribution to acceptable penal goals or shocks the sense of justice:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar

---

[16]*State v. Walker*, 96-112, pp. 3-4 (La.App. 3 Cir. 6/5/96), 677 So.2d 532, 534-35, *writ denied*, 96-1767 (La. 12/6/96), 684 So.2d 924 (citations omitted).

crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."[17]

A trial court must look at the particular circumstances of the case and the defendant's background in order to impose a sentence suited for him.[18] On review, the issue is not whether another sentence would have been more appropriate; rather, it is whether the trial court abused its discretion.[19]

In this case, the trial court sentenced the Defendant to five years on each count, and it ordered that these sentences run consecutively. These sentences are in the midrange—between the minimum and maximum.

In *State v. Morgan*,[20] the defendant fondled two children on two separate occasions while he was supervising the children in his home. The victims were a twelve-year-old female and an eleven-year-old mentally-disabled female with the mental age of a five or six-year-old. The defendant pled guilty to two counts of sexual battery and received ten year sentences on each charge. The sentences were to run concurrently. Pursuant to a plea agreement, the state agreed to dismiss two other charges of sexual battery and two charges of indecent behavior with a juvenile. We held that these sentences did not constitute an abuse of discretion by the trial court.

In light of our previous holding and based on the particular circumstances of this case, we hold that, indeed, the Defendant's sentences are not even close to being excessive.

Consequently, even if Defendant's trial counsel had filed a "Motion to Reconsider Sentence," we would have deemed his sentences appropriate under the circumstances. He was, therefore, not prejudiced by his trial counsel's failure to file this motion.

---

[17]*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061 (citations omitted).

[18]*State v. Dorthey*, 623 So.2d 1276 (La.1993).

[19]*State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996).

[20]97-997 (La.App. 3 Cir. 2/4/98), 706 So.2d 1084.

Thus, this assignment of error is meritless.

## CONCLUSION

We affirm the Defendant's conviction and sentence, but we remand this case to the trial court for correction of the sentencing minutes. Also, it is directed to inform the Defendant of La.Code Crim.P. art. 930.8's provisions by sending appropriate written notice to him within ten days of the rendition of this opinion, and it must file in the record written proof that he received this notice.

**AFFIRMED and REMANDED.**