STATE OF LOUISIANA

VERSUS

ABRAHAM AGUILAR

NO. 23-KA-34

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 20-5824, DIVISION "K"
HONORABLE ELLEN SHIRER KOVACH, JUDGE PRESIDING

November 15, 2023

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Robert A. Chaisson,
John J. Molaison, Jr., and Scott U. Schlegel

<u>**CONVICTION AND SENTENCE AFFIRMED**</u>
 **JJM**
 **RAC**
 **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
 Honorable Paul D. Connick, Jr.
 Thomas J. Butler
 Anne M. Wallis
 Christina Fisher
 Molly Love
 John Ransone IV

COUNSEL FOR DEFENDANT/APPELLANT,
ABRAHAM AGUILAR
 Lieu T. Vo Clark

**MOLAISON, J.**

In this criminal appeal, the defendant seeks review of his conviction for sexual battery of a victim under the age of 13. For the reasons that follow, the defendant's sentence and conviction are affirmed.

## FACTS AND PROCEDURAL HISTORY

The record in this matter indicates that on August 17, 2020, 11-year-old G.P. disclosed to her mother, M.P., that the defendant, Abraham Aguilar, her grandmother's live-in boyfriend, had sexually abused G.P. on multiple occasions. G.P. disclosed to investigating officers that on August 14, 2020, the defendant walked up behind her while she was in the kitchen of their Jefferson Parish apartment, touched her breasts over her shirt and inserted his finger into her vagina. She described another incident in January of 2020, when the defendant had rubbed her breasts over her clothing while she was standing at the top of the apartment stairwell. G.P. said that he had grabbed her breasts and digitally penetrated her vagina on multiple occasions.[1] In another incident that happened when G.P. was eight years old, the defendant unsuccessfully attempted to put his "private part" into G.P.'s vagina.

Based on the information provided, the defendant was taken into custody by the Jefferson Parish Sheriff's Office ("JPSO") pursuant to an arrest warrant. It was discovered that the defendant also used an alias, Cristobal Santiago Aguilar Lucero.[2] After being advised of, and waiving his rights, the defendant gave an interview with JPSO detectives. Initially, the defendant denied that any physical contact of that type took place between himself and G.P. But then he recounted one incident when G.P. was 11 years old. He stated that he went downstairs in the

---

[1] The record shows that the majority of these incidents were alleged to have occurred in a New Orleans residence, and therefore were not charged in the instant bill of information.

[2] The JPSO Crime Report, which was entered into evidence, indicates the defendant admitted to an arrest for burglary of an inhabited dwelling under this name.

family's apartment to go outside and smoke when he saw G.P. alone in the kitchen. He stated that he walked up behind her with the intention of "hugging her." The defendant then claimed that when he did so, G.P. became "ticklish" and moved in such a manner that one of his hands touched her breasts. The defendant also stated that there was a "probability" that in the same incident that his hands went into G.P.'s pants and that he touched her vagina. The defendant was asked by detectives how many other similar incidents with G.P. occurred over the 12 years he lived with her family, which could have been deemed inappropriate, to which he replied "a couple" of times and several times.

The defendant was charged in a bill of information filed on October 27, 2020, by the Jefferson Parish District Attorney's Office with one count of misdemeanor sexual battery of a known juvenile which took place between January 1, 2020, and August 18, 2020, in violation of La. R.S. 14:43.1.1.[3] After initially pleading not guilty, the defendant proceeded to a judge trial on June 15, 2022, and he was found guilty as charged. On June 30, 2022, the defendant's motion for a new trial was denied, and he was then sentenced to six months in parish prison with credit for time served to run concurrently with any other sentence he was serving. This timely appeal follows.

## ASSIGNMENT OF ERROR

The defendant's sole assignment of error is that the evidence presented is insufficient to convict him under La. R.S. 14:43.1.1. Specifically, the defendant contends that the State failed to prove that he touched G.P.'s breasts or buttocks as an element of the offense.

---

[3] The defendant was charged in a bill of information filed on October 27, 2020, by the Jefferson Parish District Attorney's Office with one count of the sexual battery of a known juvenile that occurred between January 1, 2020, and August 18, 2020, in violation of La. R.S. 14:43.1. After initially pleading not guilty, the defendant proceeded to a jury trial on June 15, 2022, and he was found guilty as charged in a unanimous verdict. His sentence and conviction were affirmed in companion case, 23-KA-33. The defendant did not challenge the sufficiency of the evidence in that appeal.

## LAW AND ANALYSIS

### *No motion for PVJA filed*

The question of sufficiency of evidence is properly raised in the trial court by a motion for post-verdict judgment of acquittal ("PVJA") under La. C.Cr.P. art. 821. *State v. Bazley*, 09-358 (La. App. 5 Cir. 1/11/11), 60 So.3d 7, 18, *writ denied*, 11-282 (La. 6/17/11), 63 So.3d 1039. Here, the record does not indicate that the defendant filed such a motion. This Court has previously held, however, that the failure to file a PVJA does not preclude appellate review of the sufficiency of the evidence. *State v. Thomas*, 08-813 (La. App. 5 Cir. 4/28/09), 13 So.3d 603, 606, *writ denied*, 09-1294 (La. 4/5/10), 31 So.3d 361 (*citing State v. Washington*, 421 So.2d 887, 889 (La. 1982)). Accordingly, we will consider the merits of the defendant's assignment of error.

### *Standard of review*

The constitutional standard for sufficiency of the evidence is whether, upon viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could find that the State proved all of the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Chinchilla*, 20-60 (La. App. 5 Cir. 12/23/20), 307 So.3d 1189, 1195, *writ denied*, 21-274 (La. 4/27/21), 314 So.3d 838, *cert. denied*, —— U.S. ——, 142 S.Ct. 296, 211 L.Ed.2d 138 (2021). This directive that the evidence be viewed in the light most favorable to the prosecution requires the reviewing court to defer to the actual trier of fact's rational credibility calls, evidence weighing, and inference drawing. *State v. Clifton*, 17-538 (La. App. 5 Cir. 5/23/18), 248 So.3d 691, 702.

This deference to the fact-finder does not permit a reviewing court to decide whether it believes a witness or whether the conviction is contrary to the weight of the evidence. *State v. Hayman*, 20-323 (La. App. 5 Cir. 4/28/21), 347 So.3d 1030,

1040. Further, a reviewing court errs by substituting its appreciation of the evidence and the credibility of witnesses for that of the fact-finder and overturning a verdict on the basis of an exculpatory hypothesis of innocence presented to, and rationally rejected by, the jury. *State v. Lane*, 20-181 (La. App. 5 Cir. 1/27/21), 310 So.3d 794, 804. As a result, under the *Jackson* standard, a review of the record for sufficiency of the evidence does not require the reviewing court to determine whether the evidence at trial established guilt beyond a reasonable doubt, but whether, upon review of the whole record, any rational trier of fact would have found guilt beyond a reasonable doubt. *State v. Ordonez*, 16-619 (La. App. 5 Cir. 3/15/17), 215 So.3d 473, 477.

### *The elements of La. R.S. 14:43.1.1*

La. R.S. 14:43.1.1 states, in relevant part:

> A. Misdemeanor sexual battery is the intentional touching of the breasts or buttocks of the victim by the offender using any instrumentality or any part of the body of the offender, directly or through clothing, or the intentional touching of the breasts or buttocks of the offender by the victim using any instrumentality or any part of the body of the victim, directly or through clothing, when the offender acts without the consent of the victim.

Thus, similar to its felony counterpart of La. R.S. 14:43.1, to support a conviction under La. R.S. 14:43.1.1, the State is required to prove beyond a reasonable doubt that a defendant touched specific parts of the victim's body without her consent.

The defendant's argument is based upon his definition of the term "breast" as used in the statute. The defendant asserts in his brief:

> At trial, G.P. testified that Mr. Aguilar had placed his hands under her shirt and touched her chest. Her testimony was brief concerning this allegation. G.P. never specified exactly where on her chest Mr. Aguilar touched. Considering that the breasts are just a portion of a female's chest and G.P. failed to specifically allege that Mr. Aguilar touched her breasts, the state has failed to prove that Mr. Aguilar is guilty beyond a reasonable doubt of misdemeanor sexual battery.

[Record citations omitted.]  Notably, the defendant cites no jurisprudence to support his narrow interpretation of the term "chest."

***The evidence presented at trial***

"In cases involving sexual offenses, the testimony of the victim alone may be sufficient to establish the elements of the offense, even where the State does not introduce medical, scientific, or physical evidence to prove the commission of the offense." *State v. Barbain*, 15-0404 (La. App. 4 Cir. 11/4/15), 179 So.3d 770, 778. We first take note of reported cases in which a female victim of sexual abuse described a defendant as touching her "chest," and that description was deemed sufficient from an evidentiary standpoint. In *State v. Cavazos*, 11-0733 (La. App. 4 Cir. 5/16/12), 94 So.3d 870, 879, *writ denied*, 12-1372 (La. 10/26/12), 99 So.3d 645, *and writ denied sub nom. State ex rel. Cavazos v. State*, 12-1438 (La. 10/26/12), 99 So.3d 645, the victim testified that the defendant, "would go into her room and touch her chest."  In *State v. E.J.M., III*, 12-774 (La. App. 5 Cir. 5/23/13), 119 So. 3d 648, 661, the victim testified that when she was nine years old, the defendant took off her clothes and began touching her chest and private area. In *State v. Guidry*, 95-254 (La. App. 3 Cir. 11/2/95), 664 So.2d 698, 700, the Third Circuit upheld a defendant's conviction for sexual battery based on "the victim's unequivocal testimony about defendant's touching her chest and vagina."

With the holdings of these cases in mind, we next turn to the evidence of the victim's account of sexual battery by the defendant presented at trial. State's Exhibit 13 consisted of a video of a forensic interview conducted with G.P. by Julia Fisher at the New Orleans Children's Advocacy Center. In her interview, which was played for the judge and jury, G.P. states that the defendant touched her in places "where I shouldn't be touched." Beginning approximately 21 minutes into the interview, G.P. is asked to recount a time she remembers most about the defendant's sexual abuse of her. She describes an incident that occurred in the

kitchen of the family's apartment, when the defendant touched her. When asked to clarify, G.P. gestures in the video toward her left breast. When asked to provide the name of that body part, she indicates that she does not have or know a name. The defendant touched G.P. both over and under her clothes. When asked about being touched over her clothes, G.P. again gestured toward her breast. When asked about defendant touching her under her clothes, she likewise moved her hand toward her breast.

At trial, G.P. did not specifically use the word "breast" when describing how the defendant sexually abused her. Her testimony was as follows:

**THE STATE:**

And what part of your body did he touch?

**G.P.:**
My chest.

**THE STATE:**

Okay. And what part of your body was he using to touch your chest?

**G.P.:**

His hands.

. . .

**THE STATE:**

And when he touched you with his hands on your chest, was it over your shirt, or under your shirt?

**G.P.:**
Under.

. . .

**THE STATE:**

And did that happen once, or more than once, when he touched you under your shirt, on your chest?

**G.P.:**

More.

Other evidence presented at trial included State's Exhibit 8, which is an affidavit for the defendant's arrest warrant. The warrant demonstrates that in her initial interview with police on August 18, 2020, G.P. indicated that during an incident two weeks prior, the defendant had walked up behind her while she was in the kitchen and touched her breasts inside and outside of her clothing before he inserted a finger into her vagina. The court was also aware of State's Exhibit 1, a JPSO Crime Report, having previously ruled on its admissibility at trial and in relation to the defendant's motion to quash.

Accordingly, we conclude that G.P.'s testimony that defendant touched her chest was sufficient to convince a rational trier of fact beyond a reasonable doubt that defendant was guilty of sexual battery. *See, State v. Perkins*, 11-162 (La. App. 5 Cir. 12/28/11), 83 So.3d 250, 257. In the absence of internal contradiction or irreconcilable conflicts with physical evidence, the testimony of one witness, if believed by the trier of fact, is sufficient to support a conviction. *State v. Dixon*, 07-915 (La. App. 5 Cir. 3/11/08), 982 So.2d 146, 153, *writ denied*, 08-0987 (La. 1/30/09), 999 So.2d 745. Moreover, the testimony of the victim alone can be sufficient to establish the elements of a sexual offense, even where the State does not introduce medical, scientific, or physical evidence to prove the commission of the offense. *State v. Bruce*, 14-877 (La. App. 5 Cir. 3/25/15), 169 So.3d 671, 675, *writ denied*, 15-833 (La. 3/4/16), 187 So.3d 1007. This assignment of error is without merit.

**ERROR PATENT REVIEW**

Generally, an errors patent review is not conducted on misdemeanor convictions. *State v. Clark*, 19-522 (La. App. 5 Cir. 6/24/20), 299 So.3d 1228, 1235, *writ denied*, 21-00062 (La. 3/9/21), 312 So.3d 585. Nevertheless, this Court

in similarly situated matters has conducted an error patent review. *See, State v. Jones*, 12-640 (La. App. 5 Cir. 10/30/13), 128 So.3d 436. Accordingly, this Court conducted an error patent review of all of the convictions before us and found no errors that require correction.

**<u>DECREE</u>**

Accordingly, for the foregoing reasons, the defendant's conviction and sentence are affirmed.

**<u>CONVICTION AND SENTENCE AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 15, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-KA-34

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE ELLEN SHIRER KOVACH (DISTRICT JUDGE)
ANNE M. WALLIS (APPELLEE)          THOMAS J. BUTLER (APPELLEE)          LIEU T. VO CLARK (APPELLANT)

**MAILED**
CHRISTINA FISHER (APPELLEE)
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
JOHN RANSONE IV (APPELLEE)
MOLLY LOVE (APPELLEE)
ASSISTANT DISTRICT ATTORNEYS
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053